August 21, 2015

Fourth Court of Appeals

Deputy Clerk, Luz Estrada # 3219

RE: Filing Of Mandamus

Dear Deputy Clerk Estrada

    Please find enclosed my Mandamus for filing. There is a copy for stamping and returning to me via the provided SASE. If there is anything else I need to do please contact me. Thank you for your help in this matter.



FILED IN THE COURT OF APPEALS AT SAN ANTONIO, TEXAS

2015 SEP -3 PM 1:33

KEITH E. HOTTLE, CLERK

Respectfully yours

David A. Edwards

David A. Edwards # 907246
Plaintiff, pro se
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

c/c file

Civil Action No: 12-02-0185-CVA

David Allan Edwards # 907246          §

Ellis Unit, 1697 FM 980

Huntsville, Texas 77343               §          In The Court of Appeals of The

                                                 Fourth Supreme Judicial District

    Plaintiff                         §          of Texas

    -V-                                                        AND

County Court of Commissioners,        §

Atascosa County, Texas                           In The 81st/218th Judicial

                                      §          District Court, Atascosa

    Defendant[s]                                 County, Texas

---

MANDAMUS TO COMPEL FOR PERFORMANCE OF PROCESS FOR A JUDGEMENT

FOR ACCEPTED SERVICE AND APPEARANCE, PURSUANT TO TRCP, 15,21,

21a,99,103,106,107,119,120a,121,122

AND

FOR NO-ANSWER SUMMARY JUDGEMENT WITH SEVERENCE, PURSUANT TO,

41, 166a(c),237,237a,239,240,268

FOR DEFENDANT[S] COUNTY COURT OF COMMISSIONERS, ATASCOSA COUNTY

TEXAS

To Honorable Judges of Said Court,

Paupers Oath, I DAVID ALLAN EDWARDS, have no material wealth, no money and no income from any source to pay fees or cost, attorney,etc. See TRCP 145, who is incarcerated and pro se litigant, see Armstrong 881 S.W. 2nd at 53, as a pro se litigant I am subject to " less stringent standards than formal pleadings drafted by real lawyers." See Spellman 819 S.W. 2d at 206.

## I

Writ of Mandamus is proper remedy when District Judge fails to rule, it arbitrarily becomes a refusal to rule on Plaintiffs Motion to Compel Judgement and Motion for No-Answer Summary Judgement for defendants County Court of Commissioners of Atascosa County, Texas. Hearing Courts failure to consider and rule on this motion properly filed and served upon defendants, see exhibit "A" is a failure to exercise its authority when it has a duty to do so.

In Re Bonds 57 S.W.3d at 456 (Tex-App-San Antonio,2001) " A trial court is required to consider and rule upon a motion within a reasonable time." Safety-Kleen Corp V Garcia 945 S.W. 2d at 268-269 ( Tex-App-San Antonio 1997) " When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and Mandamus may issue to compel trial judge to act."

Plaintiff filed his original Due Course of Law Complaint February 28, 2012 and timely served defendants. On April 5, 2012 plaintiff filed a Supplement 69,80 adding defendants County Court of Commissioners, properly serving them with certified mail receipt. See exhibit "A" attachment exhibit "A". There have been three hearings and defendants have not made an appearance or have not filed any answer after being properly served by certified mail. see exhibit "A" attachment exhibit "A". At last hearing on May 9, 2014 plaintiff requested hearing Judge Thomas F. Lee to make a ruling concerning the defendants County Court of Commissioners. Hearing judge just stated he wasn't there to rule

(2)

on that and had no knowledge of anything concerning them. Plaintiff timely filed and served a No-Answer Summary Judgement on 8/1/2013,see exhibit "A" attachment exhibit "C" and "D"clerks index. This No-Answer Summary Judgement was signed for as defendants have had every opportunity to file an answer and have failed to defend themselves. The Hearing Court has had every opportunity to rule on this motion as it was filed 8/1/2013.

## II

See exhibit "A", attachment "B" page 9, last paragraph. This document was filed by County Attorney of Atascosa, Mr. Dennis Arriaga, in The Fourth Court of Appeals, San Antonio, Texas. Mr. Arriaga for what ever reason felt the need to include this Appearance/Excuse for the defendants County Court of Commissioners of Atascosa. This constitutes an appearance in a Texas Court of Law. This confirms the facts A) they were served,B) They were aware they were defendants in a suit,C) They had a legal obligation/responsibility by statute to either object to the alleged improper service with a Motion to Quash within 20 days of service improper or not, or waive their right to complain,D) By this admission and written and filed declaration in a Texas Court of Law Mr. Arriaga, has taken it upon himself to both make an appearance for the County Court of Commissioners of Atascosa and represent them. "A general denial of a alleged improper service as defense."

Burger V Burger 298 S.W.2d at 119,156." A special appearance is — unknown to Texas practice and the filing by a defendant of any

(3)

defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and a submission to the jurisdiction of the court for all purposes."

This pleading can be termed a defensive explanation by Mr. Arriaga and by doing so submits the defendants County Court of Commissioners to the jurisdiction of hearing court and any other court for all purposes. Cotton V Cotton 57 S.W.3d at 506,Constitutes an answer or appearance with this defensive theory or pleading.

Plaintiff pursuant to TRCP 99,106(2),"mailing to the defendant by registered or certified mail,return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tx.Civil.Prac.Statute,§136.001 (certified mail). See exhibit "A",attachment "A" certified receipts, signed by the defendants or their agents, which satisfys TRCP 107 "return of service (11)(c)."

Rule 502.5 Answer, which defendant County Court of Commissioners failed to comply with. Rule 503.1, If defendant fails to answer, (a) Default Judgement,"If defendant fails to file an answer by the date stated in Rule 502.5, the judge must ensure that service was proper, and may hold a hearing for the purpose. If it is determined that service was proper, the judge must render a default judgement." See Rule 503.1.

The law and rules are clear on this issue and plaintiff has shown due diligence in pursuing these rulings from hearing court. Plaintiff request through Mandamus that This Court render judge-

(4)

ment for No-Answer Summary Judgement and make ruling on Appearance or make an order for Hearing Court to fulfill its legal obligation by doing same as law and statute dictate. <u>Celotex Corp V Catrett</u>, 477 U.S. 317,322. 106 S.Ct. Entitled to judgement as a matter of law. See <u>Chesser V McNabb</u>,619 S.W.2d at 420, <u>Loe V Murphy</u>, 611 S.W.2d at 449.

Defendants have failed in all respects to file anything remotely answering to the merits of plaintiffs complaint. The hearing court has failed in all respects to adhere and to comply with normal law and statute. It has been more than 30 days since last hearing.

## PRAYER

WHEREFORE premises considered plaintiff prays this Honorable Court GRANT this WRIT OF MANDAMUS and GRANT No-Answer Summary Judgement in favor of plaintiff giving plaintiff all the relief entitled to, cost of court,past expenses and attorney fees. If not then GRANT ORDER for hearing court to hold hearing on the pleadings in a reasonable time and have plaintiff present for hearing. Plaintiff also prays that this Honorable Court allow plaintiff to correct any defects within this pleading if necessary before ruling.

Respectfully submitted

David Allan Edwards # 907246
Plaintiff,pro se
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

(5)

## DECLARATION

I DAVID ALLAN EDWARDS, declare under penalty of perjury, pursuant to § 132.001 and TRCP Codes, that I have read and subscribe to the above and I swear that the information contained therein is true and correct to the best of my knowledge.

Executed on 8-21-15 ,at the Ellis Unit, Huntsville, Texas.

## CERTIFICATE OF SERVICE

I DAVID ALLAN EDWARDS, hereby certify under penalty of perjury that a true and correct copy of the WRIT OF MANDAMUS, has been provided to the below listed parties by placing said motion in an envelope sending it USPS certified mail with reciept requested on this day 2 of Sept 2015.

County Court of Commissioners
Courthouse, suite 102
One Courthouse Circle Dr.
Jourdanton, Texas 78026

Respectfully submitted

David A. Edwards #907246
David Allan Edwards # 907246
Plaintiff, pro se
Ellis Unit, 1697 FM 980
Huntsville, Tx 77343

(6)

# EXHIBIT

# A

**SENDER:** *COMPLETE THIS SECTION*

- ▣ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ▣ Print your name and address on the reverse so that we can return the card to you.
- ▪ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

County Court Commissioner
1 Courthouse Circle DR
Suite 102
Doondanton Txf 2/026

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7014 0510 0001 8588 4376

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

⊛ UNITED STATES POSTAL SERVICE
◁ Date

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

David Edwards #901246
Ellis Unit 1687 Fm-980
Huntsville Txf 72343

C7-2-2

Motion to Compel Judgement/No-Answer

Civil Action No: <u>12-02-0185-CVA</u>

FILED 9:58 O'CLOCK A M
MARGARET E. LITTLETON, DISTRICT CLERK

APR 2 2 2015

CLERK DISTRICT COURT, ATASCOSA CO. TX
BY _____ DEPUTY

David Allan Edwards #907246   §
Ellis Unit,1697 FM 980
Huntsville, Texas 77343   §

  <u>Plaintiff</u>

   -V-   §

County Court of Commissioners   §
of Atascosa County, Texas

  <u>Defendant's</u>   §

   §

In The 81st/218th
Judicial Dist. Court
Atascosa County, Texas

---

<u>MOTION TO COMPEL JUDGEMENT</u>

<u>FOR ACCEPTED SERVICE AND APPEARANCE, PURSUANT TO T.R.C.P. 15,21,21a,</u>

<u>99,103,106,107,119,120a,121,122</u>

<u>AND</u>

<u>FOR NO-ANSWER DEFAULT AND/OR SUMMARY JUDGEMENT WITH SEVERENCE,RURSUANT TO,</u>

<u>41,166a(c),237,237a,239,240,268</u>

<u>FOR DEFENDANT'S, COUNTY COURT OF COMMISSIONERS, ATASCOSA COUNTY, TEXAS</u>

I

See exhibit "B" appeal filed by County Attorney of Atascosa, Mr. Dennis Arriaga, in the Fourth Court of Appeals, San Antonio, Texas. Expressly see page 9, last paragraph. For what ever reason Mr. Arriaga felt the need to include this APPEARANCE/EXCUSE for defendant's County Court of Commissioners of Atascosa in this bi-line both including the facts that defendant's had been served and in doing so making an appearance in a Texas Court of law. This appeal filed by Mr. Arriaga, and the defendant Sheriff had nothing to do with the other defendant's County Court of Commissioners of Atascosa.

That stated, the usual and accepted practice is that the County Attorney, represent County entities, such as Sheriff's and County Court of Commissioners. No matter what faux disclaimers and artfully crafted excuses Mr. Arriaga, uses to disguise this explanation on behalf of defendant's County Court of Commissioners, the fact remains this by Texas Law confirms an Appearance. This also confirms the facts (A) they were served,(B) They were aware they were defendant's in a suit,(C) They had legal obligation/responsibility by statute and law to either object to the alleged improper service with a Motion To Quash within 20 days of service proper or not,or waive their right to complain,(D) By this admission and written and filed declaration in a Texas Court of Law, Mr. Arriaga, has taken it upon himself to both represent defendant's County Court of Commissioner's of Atascosa County, and make an appearance with his faux answer of general denial of a alleged improper service as defense. The law is clear and concise on this issue and will explain as follows.

Burger V Burger 298 S.W.2d at 119,156, " A special appearance is unknown to Texas practice, and the filing by a defendant of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an "APPEARANCE" and a submission to the jurisdiction of the court for all purposes."

The pleading as it can be termed in exhibit (B) on page 9 can be construed and termed a defensive explanation by Mr. Arriaga and the defendant's County Court of Commissioners and by doing so submitting to the jurisdiction of hearing court and any other court for all purposes. This constitues an appearance and pleading in substance and form and should be recognized as such. Cotton V Cotton 57,S.W.3d at 506,Constitutes an answer or appearance.

(2)

Defendant complains about alleged improper service. The law is clear on this. TRCP 15, Writs & Process

Williams V Williams 150 S.W.3d at 436,445," [W]e hold that citations must be expressly directed to the defendant under TRCP 99 and may also be addressed to the Sheriff or Constable under TRCP 15, BUT FAILURE TO INCLUDE THE SHERIFF OR CONSTABLE ON THE FORM OF CITATION WILL NOT RENDER IT VOID", See also Barker CATV Constr, Inc V Ampro, Inc 989 S.W 2d at 789,792.

Plaintiff pursuant to TRCP 99,106(2), "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tx.Civil.Prac.Statute, §136.001 (certified mail). See exhibit "A" pages 2 and 3, certified receipts signed by defendant's or their agents, which satisfy's TRCP 107 RETURN OF SERVICE (11)(c).

" When the citation was served by registered or certified mail as authorized by Rule TRCP 106, The return by the officer or authorized person must also contain the return receipt with the addressee's signature." See exhibit "A", pages 2 and 3, return receipt green card, top right hand corner. This satisfy's the requirements for proper and accepted service of citation. Defendant's County Court of Commissioner's by and through County Attorney Mr. Arriaga, and his filing of appeal in the Fourth Court of Appeals satisfy's the standards for Appearance in a court of law. See exhibits "A","B","C","D".

The excerpt in exhibit "B" on page 9, constitutes an appearance and explanation or defensive theory by defendant's County Court of Commissioners. This admission of alleged improper service cannot be construed any other way. The defendant admits service but complains it was not properly served. The law and statute is clear as once service defective or not is established, the burden falls upon the defendant to notify the court. Motion to Quash Service.

(3)

See TRCP 119," The defendant accepts service of process,(See exhibit "A",cert-ified receipts green cards) or waives the issuance of service thereof by a written memorandum signed by him,or by his duly authorized agent or attorney ,after suit is brought, sworn to before a proper officer other than an attor-ney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law." See exhibit "B" page 9,Waiver by defendant County Court of Commissioners, by and through the County Attorney Mr. Arriaga, claiming improper service and lack of jurisdiction. This by any reasonable person can be construed as an appearance in a court of law. See TRCP,Rules and Statutes 120,120a,121,122.

Rule 502.5 Answer,which defendant County Court of Commissioners failed to com-ply with. Rule 503.1, If Defendant fails to answer.(a) Default judgement, " If defendant fails to file an answer by the date stated in Rule 502.5, the Judge must ensure that service was proper, and may hold a hearing for the purpose. If it is determined that service was proper, the Judge must render a default judgement." See Rule 503.1

Plaintiff request that this court to either render judgement for No-Answer Default against the defendant County Court of Commissioners or hold a hearing on the premise of proper service as cited and demanded by law and statute contained within this pleading. Plaintiff also request to be present at said hearing in person and will make objection to any further or future hearings held by phone as it creates a bias and prejudice against Plaintiff to have any real time ability to participate in the hearing. Plaintiff request the follow-ing dates for hearing. May 9,2015,June 16,2015,June 23,2015. Let this be noti-ce of hearing dates for defendant County Court of Commissioners.

(4)

Plaintiff filed his original Due Course of Law Complaint on Feb 28,2012 and timely served defendant's. On April 5,2012 Plaintiff filed Supplement 69,80, adding defendant's County Court of Commissioners and Doctor of jail. On April 17, 2012 defendant County Court of Commissioners signed for service,see exhibit "A" page 2. On October 24,2012 this cause was remanded back to State District Court from Federal Court. Plaintiff timely served defendant County Court of Commissioners with Reinstatement.See exhibit "A" page 3. This service was signed for on October 25,2012 by defendant.Defendant County Court of Commissioners was also served a Notice of Default on October 26,2012 for failure to make an appearance in Federal Court,see exhibit "A" page 4,signed certified receipt by defendant.

On December 12, 2012 Administrative Judge Thomas F. Lee was appointed to over see this cause. The first hearing was held on April 17, 2013. Defendant County Court of Commissioners had not at this time made any appearance or filed any answer. On August 1,2013 Plaintiff filed another No-Answer Default serving defendant County Court of Commissioners.see exhibit "C" signed cert-ified receipt and motion. No response was ever made by defendant. On September 26,2013 there was another hearing held. No appearance or answer was made by defendant County Court of Commissioners. There was no attempt by hearing court to address any motions concerning defendant in question. There was another hearing held on May 9, 2014 at the Atascosa Jail Facility. Defendant County Court of Commissioners failed to make any appearance or file any answer. There is no record of any filing contained in the District Clerks index.see exhibit "D". On or around January 20,2015 defendant County Court of Commis-sioners made an appearance in the Fourth COA,by and through County Attorney,

Mr. Dennis Arriaga,see exhibit "B" page 9,bottom paragraph establishing an appearance in a court of law.

A No-Answer Default judgement can be rendered when the defendant does not file an answer. The court may render a default judgement on the pleadings against a defendant that has not filed an answer,see TRCP 239 and exhibit "A","B","C","D",clerks index as nothing has been filed by defendant County Court of Commissioners as of the filing of this motion for No-Answer Default. All allegations of facts including those establishing liability in the Plaintiff's petition are deemed admitted except for the amount of unliquidated damages,Dolgencorp,228 S.W.3d at 930,see TRCP 243.

More than 20 days have elapsed since the date on which the defendant's herein were served with a copy of Plaintiff's Reinstatement by certified mail,TRCP 106,107, and No-Answer defaults,see exhibits "A","C". The defendant's have failed to appear at any hearing held in this cause, the last being held on May 9,2014. The defendant's did however make an appearance on or around January 20, 2015 in the Fourth Court of Appeals, by and through the County Attorney, Mr. Dennis Arriaga, confirming the fact that defendant was served and had knowledge of the claims against them but,willing and knowingly refused to file any answer or present any defense until this apearance, using the defensive theory of faulty service and lack of jurisdiction. That said, the time has passed for defendant to present any answer as after 20 days of faulty service or not,defendant had an obligation to file with the court a notice of this alleged faulty service. Defendant has now waived his right to complain and this appearance has become an admission of service,knowledge of being a defendant in a suit and an appearance giving the court the jurisdiction to rule on this No-Answer Default.

(6)

The statute and law designed to "Pierce the Pleadings " No-Answer default, TRCP 239, is clear and consice also along with TRCP 237a,"Remand After Reinstatement" 15 days to file answer. See HBA.E.,Ltd V JEA Boxing Co.796 S.W.2d at 534,538, is also clear and concise. Hearing Court and Judge Lee, has a duty to hold a hearing and rule as law and statute dictate or continued Due Process violations are happening out of this court creating a continued bias or prejudice denying Plaintiff his 14th Amendment Right to a fair and impartial review and Due Process of Law.

Plaintiff has duly filed all pleadings and properly served defendant's County Court of Commissioners. See exhibits "A","B","C","D". It is TO LATE for defendant to file any answer or for any answer to be allowed. See Matter of Pancake 106 F.3d at 1242 (5th) "Under Texas Law where No Answer is filed defendant is deemed to admit plaintiff's pleadings and, thus judgement maybe entered based upon those pleadings." Stoner V Thomson,578 S.W.2d at 679,682,"Defendant who neither answers nor appears has "ADMITTED" the facts properly pled and the justice of the opponents claims" TRCP 166a(i).

On April 5,2012 when Plaintiff filed Supplement 69,80 adding defendant's Doctor of jail and County Court of Commissioners. Plaintiff used same method of proper service by certified return. The defendant Doctor had no problem with the service or did court have any problem identifying jurisdiction to render judgement concerning defendant Doctor. Plaintiff used same method of proper service of certified return with Remand Reinstatement on all defendants. All defendants had NO PROBLEM with service and Hearing Court had no problem establishing jurisdiction to render judgements concerning these defendants. Defendant County Court of Commissioners are not above the law and Hearing Court has a duty to render judgement in favor of Plaintiff.See Celotex Corp V Catrett,477,U.S.317,322,106 S.Ct,"Entitled to judgement as a matter of

law." See <u>Chesser V McNabb</u>,619 S.W.2d at 420, <u>Loe V Murphy</u>,611 S.W.2d at 499. Defendants have failed in all respects to file anything remotely answering to the merits of Plaintiff's complaint. It has been more than 30 days since the last hearing held on May 9, 2014. This Court has a duty to set a date for hearing and make a ruling as its set dates and rendered judgements for <u>all other defendants</u> and they were served EXACTLY the same as defendant's County Court of Commissioners. If for some erred opinion by this court that service was not proper for defendant County Court of Commissioners and that this court does not have jurisdiction to rule,<u>then the prior judgements by this court should by law be null and void concerning all other defendant's</u>, as they were all served <u>EXACTLY THE SAME</u>. See exhibits "A","B","C","D"

Defendant's are not in the Military and are not infants or incompetant's.

## REQUEST FOR HEARING DATES

Plaintiff hereby request the following dates for hearing. May 9,2015,June 16,2015,June 23,2015. Let this be notice of hearing dates for defendant's County Court of Commissioners,Atascosa County.

(8)

## PRAYER

WHEREFORE premisses considered, Plaintiff herein prays this Honorable Court GRANT this No-Answer Default if full, and defendant County Court of Commissioners take nothing. Plaintiff prays this Honorable Court GRANT all relief requested within these pleadings. Plaintiff prays this honorable Court GRANT all expenses Plaintiff is entitled to,cost of court,experts,past attorney fees,service cost and filing fees and any other expenses this court deem acceptable that Plaintiff has incurred pursuing the truth in this matter. Plaintiff also prays this Honorable Court hold defendant's County Court of Commissioners accountable in all things both jointly and severalty.

Respectfully submitted

David Allan Edwards # 907246
Plaintiff/Pro se
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

(9)

## DECLARATION

I <u>DAVID ALLAN EDWARDS</u>, declare under penalty of perjury, pursuant to § 132.001 and TRCP Codes, that I have read and subscribe to the above and I swear that the information contained therein is true and correct to the best of my knowledge.

Executed on <u>April 14, 2015</u>, at the Ellis Unit, Huntsville, Texas.

## CERTIFICATE OF SERVICE

I <u>DAVID ALLAN EDWARDS</u>, hereby certify under penalty of perjury that a true and correct copy of the <u>MOTION TO COMPEL JUDGEMENT FOR NO-ANSWER DEFAULT</u>, has been provided to the below listed parties by placing said motion in a postage paid envelope with certified return receipt requested on this day <u>21</u> of April 2015.

<u>County Court of Commissioners</u>
Courthouse, Suite 102
One Courthouse Circle, Dr.
Jourdanton, Texas 78026

<u>District Clerk, Margaret Littleton</u>
1 Courthouse Circle Dr. Suite 4-B
Jourdanton, Texas 78026

Respectfully submitted

David A. Edwards #907246

David Allan Edwards #907246
Plaintiff/Pro se
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

(10)

Civil Action No: 12-02-0185-CVA

David Allan Edwards #907246          §
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343              §

    Plaintiff                       §        In The 81st/218th
                                              Judicial Dist. Court
    -V-                             §        Atascosa County, Texas

County Court of Commissioners       §
of Atascosa County, Texas
                                    §
    Defendant's
                                    §

                                    §

---

## ORDER GRANTING PLAINTIFF DAVID ALLAN EDWARDS, MOTION FOR NO-ANSWER DEFAULT/

## NO-EVIDENCE SUMMARY JUDGEMENT WITH SEVERENCE

On this day_____ of _____ 2015, came to be considered plaintiff DAVID ALLAN EDWARDS, Motion for No-Answer default/No-Evidence Summary Judgement with Severence. Plaintiff and counsel for Defendant County Court of Commissioners of Atascosa appeared and anounced ready. After hearing arguments and reviewing the evidence contained within the pleadings, plaintiff's Motion with exhibits attached, the Court is of the opinion that plaintiff DAVID ALLAN EDWARDS, Motion should be GRANTED in all things.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, plaintiff DAVID ALLAN EDWARDS, Motion is hereby GRANTED in all things and that defendant County Court of Commissioners take nothing from plaintiff. It is further ORDERED that defendant County Court of Commissioners of Atascosa pay reasonable expenses to plaintiff and cost of court.

It is further ORDERED, ADJUDGED, AND DECREED that all of defendant's County Court of Commissioners actions concerning plaintiff DAVID ALLAN EDWARDS , are hereby severed from plaintiff's actions against the remaining defendant's.

(11)

The defendant's County Court of Commisioner's are hereby made the subject of a seperate suit styled DAVID ALLAN EDWARDS # 907246 V COUNTY COURT OF COMMISSIONERS OF ATASCOSA COUNTY:Cause Number _____

SIGNED THIS_____ DAY OF _____, 2015


_____
JUDGE PRESIDING


SPECIAL INSTRUCTIONS:

_____

_____

_____

_____

_____

_____

_____

_____

_____

(12)

# EXHIBIT



# A

(1) ORIGINAL DUE Course of Law Complaint /Filed Feb 28,2012

(2) Motion to Supplement T.R.C.P. 69,80 / Filed Apr5,2012

(3) Reinstatement From Removal /Summary/Default/Filed Oct 24,2012

(4) Federal Summary/Default Filed on OCT 25,2012

(5) Summary Default/Atascosa County Filed DEC 6, 2012

(6) Interogatories to Defendant Filed May 23, 2012

David Allan Edwards #907246 §
Ellis Unit, 1697 FM 980 §
Huntsville, Texas 77343 §
§
    Plaintiff §
§
    V. §
§
County of Atascosa, District §
Attorney of Atascosa County, §
Judge over Court, Sheriff of §
Atascosa County §
    Defendants §
§

In the 81st/218TH
Judicial Dist. Court,
Atascosa County, Texas

FILED 1:10 O'CLOCK P M
MARGARET E. LITTLETON, DISTRICT CLERK

FEB 2 8 2012

CLERK DISTRICT COURT ATASCOSA CO. TX
BY_____DEPUTY

## Plaintiffs Due Course of Law Complaint

To Honorable Judge of said Court, Comes now **David Allan Edwards,** and will show as follows,

## I Discovery

Discovery in this cause shall be conducted under Level 2, pursuant to T.R.C.P. 190.3 (Texas Rules Civil Procedure)

## II Jurisdiction

This is civil action authorized to redress the deprivations under Color of State Law of Civil Rights secured by the Due Course of Law in Conjunction with the Constitution of the United States.

①

Civil Action No: 12-02-0185-CVA

FILED 10:16 O'CLOCK 9 M
MARGARET E. LITTLETON, DISTRICT CLERK

APR - 5 20_

CLERK DISTRICT COURT ATASCOSA CO. TX
BY _____ DEPUTY

David Allan Edwards #907246
Ellis Unit 1697 FM 980
Huntsville,Texas 77343

Plaintiff

-V-

County of Atascosa,District
Attorney of Atascosa County,
Judge over Court,Sheriff of
Atascosa County,County Court
of Commissioners of Atascosa
County,et.al,Dr.Gerald B.
Phillips,Physician of County
Jail,Atascosa County,Individual
Capacity

Defendants

In the 81st/218th
Judicial Dist. Court
Atascosa County,Texas

---

## MOTION TO SUPPLEMENT T.R.C.P 69,80

To Honorable Judge of said Court:

NOW COMES,DAVID ALLAN EDWARDS:who is incarcerated and Pro se,

See,ARMSTRONG,881 S.W 2d 53,as a Pro se litigant I'm subject to

"less stringent standards than formal pleadings drafted by real

lawyers"See SPELLMAN,819 S.W 2d 206.

## I DISCOVERY

Discovery in this case shall be conducted under Level 2,

pursuant to T.R.C.P 190.3 (Texas Rules Civil Procedure)

②

**SENDER: COMPLETE THIS SECTION**

◻ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
◻ Print your name and address on the reverse
   so that we can return the card to you.
◻ Attach this card to the back of the mailpiece,
   or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 4-17-12

1. Article Addressed to:

~~...~~ County Commissioners Court
Courthouse, Ste 102
One Courthouse Circle
Jourdanton, TX
                    78026

D. Is delivery address different from item 1?  ☒ Yes
   If YES, enter delivery address below:        ☐ No

C.C. #101
Jourdanton, TX 78026

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)
                    7011 1150 0001 3169 4822

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509

Motion To Supplement T.R.C.P. 69.8D

David Allen Edwards #907246
Ellis Unit,1967 FM 980
Huntsville, Texas 77343

§
§
§
§
    Plaintiff
§
§
    V
§
§
§
§

County of Atascosa, District
Attorney of Atascosa County,
Judge over Court, Sheriff of
Atascosa County, County Court
of Commissioners of Atascosa
County ,et al., Dr. Gerald B.
Phillips, Physician of County
Jail, Atascosa County, Individual
Capacity

§
§
§
§
§
§
§
§
§
§
§

    Defendants

In the 81st/218th
Judicial Dist. Court
Atascosa County, Texas

FILED ____10:26 o'clock A M
MARGARET E. LITTLETON DISTRICT CLERK

OCT 24 2012

CLERK DISTRICT COURT ATASCOSA CO., TX.
BY_____ DEPUTY

---

## REINSTATEMENT FROM REMOVAL T.R.C.P. 237 a FOR

## MOTION TO SUPPLEMENT T.R.C.P. 69,80 AND / OR SUMMARY /

## DEFAULT UNDER T.R.C.P. 237,239,166

Now comes DAVID ALLAN EDWARDS, who is indigent. I have no material wealth, no money and no income from any source to pay fees or cost ,attorney,etc. See,T.R.C.P. 145, who is incarcerated and Pro se , See, ARMSTRONG,881,S.W. 2d 53, as Pro se litigant I'm subject to " less stringent standards than formal pleadings drafted by real lawyers ' See, SPELLMAN, 819,S.W. 2d 206.

On Febuary 28th,2012, Ifiled the Original Due Process Complaint and timely served all defendants. On April 5th,2012, I filed Motion To Supplement T.R.C.P. 69, 80, and timely served all defendants. The District Attorney filed a Motion to Remove there after and was the ONLY DEFENDANT, that responed to filings,ALL OTHERS are in DEFAULT. See, REMAND ORDER, No.SA-12-CA-285-OG / 10/11/2012.

③

SENDER: COMPLETE THIS SECTION

□ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
□ Print your name and address on the reverse
so that we can return the card to you.
□ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

*County Court of Commissioners*
*1 Courthouse Circle Dr.*
*Fredericks Tx 78026*

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _[signature]_        □ Agent
                        □ Addressee

B. Received by ( Printed Name).      C. Date of Delivery
*Grace Zuniga*                        10-25-12

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
   □ Certified Mail       □ Express Mail
   □ Registered           □ Return Receipt for Merchandise
   □ Insured Mail         □ C.O.D.

4. Restricted Delivery? (Extra Fee)            □ Yes

2. Article Number
   (Transfer from service label)   7009 0820 0000 4204 6512

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509

*Reinstatement from Removal*

③

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

RECEIVED

OCT 2 5 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

DAVID ALLAN EDWARDS # 907246
ELLIS UNIT. 1697 FM 980
HUNTSVILLE. TEXAS 77343

PLAINTIFF

-V-

COUNTY OF ATASCOSA. DISTRICT
ATTORNEY OF ATASCOSA COUNTY.
JUDGE OVER COURT, SHERIFF OF
ATASCOSA COUNTY, COUNTY COURT
OF COMMISSIONERS OF ATASCOSA
COUNTY, ET AL, DR. GERALD B.
PHILLIPS. PHYSICIAN OF COUNTY
JAIL, ATASCOSA COUNTY, INDIVIDUAL
CAPACITY

DEFENDANTS

CIVIL ACTION NO: SA-12-CA-0285-OG

---

SUMMARY AND / OR DEFAULT JUDGEMENT F.R.C.P. 50.55.56. ALL DEFENDANTS

DISTRICT ATTORNEY OF ATASCOSA, RENE M. PENA/ SHERIFF OF ATASCOSA COUNTY,

TOMMY WILLIAMS/ JUDGE OVER COURT, STELLA SAXON/ COUNTY COURT OF COMMISSIONERS,

ATASCOSA COUNTY, LON GILLESPIE. WILLIAM TORANS, FREDDIE OGDEN, WELDON CUDE /

PHYSICIAN OF COUNTY JAIL. DR. GERALD B. PHILLIPS, INDIVIDUAL CAPACITY

Now Comes, DAVID ALLAN EDWARDS. I have no material wealth, no money

and no income from any source to pay fee's or cost, attorney.

etc. See T.R.C.P. 145 who is incarcerated and Pro se. See ARMSTRONG.

881.S.W.2d.53, as Pro se litigant I'm subject to " less stringent

standards than formal pleadings drafted by real lawyers." See

SPELLMAN,819,S.W.2d,206

④

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _UKlann_   ☒ Agent   ☐ Addressee

B. Received by (Printed Name) _Rachel Garza_   C. Date of Delivery 10/16

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☒ No

1. Article Addressed to:

County Court of Commissioners
Courthouse ste 102
Kourthouse circle DA
Joundanton TX 98026

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 1570 0002 5809 3829

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

Summary / Default Judgement

(4)

David Allan Edwards #907246
Ellis Unit, 1967 FM 980
Huntsville, Texas 77343

    <u>Plaintiff</u>

     V

County of Atascosa, District
Attorney of Atascosa County,
Judge over Court, Sheriff of
Atascosa County, County Court
of Commissioners of Atascosa
County, et al., Dr. Gerald B.
Phillips, Physician of County
Jail, Atascosa County, individual
Capacity

    <u>Defendants</u>

§§§§§§§§§§§§§§§§§§§§§§

In the 81st/218th
Judicial Dist. Court
Atascosa County, Texas

---

<u>SUMMARY AND/OR DEFAULT JUDGEMENT UNDER T.R.C.P. 166,237,238,239</u>
<u>DISTRICT ATTORNEY OF ATASCOSA,RENE PENA/SHERIFF OF ATASCOSA</u>
<u>COUNTY,TOMMY WILLIAMS/JUDGE OVER COURT,STELLA SAXON/COUNTY</u>
<u>COURT OF COMMISSIONER,ATASCOSA COUNTY,LON GILLESPIE,WILLIAM</u>
<u>TORANS,FREDDIE OGDEN,WELDON CUDE</u>

Now comes <u>DAVID ALLAN EDWARDS</u>, I have no material wealth, no money and no income from any source to pay fees or cost, attorney, etc. see T.R.C.P. 145 who is incarcerated and Pro se, See <u>ARMSTRONG</u>,881,S.W.2d 53, as Pro se Litigant I'm subject to " less stringent standards than formal pleadings drafted by real lawyers." See <u>SPELLMAN</u>,819,S.W.2d 206.

Plaintiff moves this Court for a judgement by default in this action, and show that the REINSTATEMENT FROM REMOVAL in the

Service by U.S.P.S

⑤

FILED 1:57 O'CLOCK P m
MARGARET E. LITTLETON, DISTRICT CLERK

David Allan Edwards #907246
Ellis Unit,1697 FM 980
Huntsville,Texas 77343

§
§
§
§
§
§

MAY 2 3 2012

CLERK DISTRICT COURT ATASCOSA CO., TX
BY_____DEPUTY

Plaintiff

§
§
§

-V-

§
§

County of Atascosa,District
Attorney of Atascosa County,
Judge over Court,Sheriff of
Atascosa County,County Court
of Commissioners of Atascosa
County,et al.,Dr.Gerald B.
Phillips,Physician of County
Jail,Atascosa County,Individual
Capacity.

§
§
§
§
§
§
§
§
§
§

In the 81st/218th
Judicial Dist.Court
Atascosa County,Texas

Defendants

§
§

---

### Plaintiffs First Set of Interrogatories to Defendants

In accordance with Discovery Level 2 and T.R.C.P.190.3 procedure,Plaintiff request that Defendant,County Commissioners Court,Atascosa County,answer the following interrogatories under oath,and that the answers be signed by the person making them and be served on Plaintiff within 30 days of service of these interrogatories.

If you cannot answer the following interrogatories in full after exercising due diligence to secure the information to do so ,so state and answer to the extent possible,specifying your inability to answer the remainder and stating what ever information or knowledge you have concerning the unanswered portions.

Service by USPS

⑥

# EXHIBIT

# B

APPEAL FILED BY COUNTY ATTORNEY OF ATASCOSA

Mr. ARRIAGA IN THE FOURTH COA

ACCEPTED
04-14-00612-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/20/2015 4:48:40 PM
KEITH HOTTLE
CLERK

## ORAL ARGUMENT CONDITIONALLY REQUESTED

### NO. 04-14-00612-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/20/2015 4:48:40 PM
KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## AT SAN ANTONIO, TEXAS

---

**DAVID ALLAN EDWARDS,**
Appellant

v.

**SHERIFF OF COUNTY OF ATASCOSA,**
Appellee.

---

On Appeal from the 81st Judicial District Court,
Atascosa County, Texas
Cause No. 12-02-0185-CVA
The Honorable Thomas F. Lee Presiding

---

## BRIEF OF APPELLEE SHERIFF OF COUNTY OF ATASCOSA

---

Respectfully submitted,

**Lucinda A. Vickers**
lucinda.vickers@acao-tx.org
Texas Bar No. 16300800
**Dennis Arriaga**
dennis.arriaga@acao-tx.org
Texas Bar No. 24068021
ATASCOSA COUNTY ATTORNEY'S OFFICE
#1 Courthouse Circle Drive #3-B
Jourdanton, Texas 78026
TEL: 830-769-3573
FAX: 830-769-2757

COUNSEL FOR APPELLEE

NO. 04-14-00612-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

DAVID ALLAN EDWARDS,
Appellant,

v.

SHERIFF OF COUNTY OF ATASCOSA,
Appellee.

On Appeal from the 81st Judicial District Court,
Atascosa County, Texas
Cause No. 12-02-0185-CVA
The Honorable Thomas F. Lee Presiding

IDENTITY OF PARTIES AND COUNSEL

Pursuant to rule 38.1(a) of the Texas Rules of Appellate Procedure, the following is a list

of the names and addresses of all parties to the trial court's judgment or order appealed from and

their counsel:

| | |
|---|---|
| **Appellant:** | David Allen Edwards |
| **Counsel Pro Se**<br>**For Appellant:** | David Allen Edwards #907246<br>Ellis Unit, 697 FM 980<br>Huntsville, Texas 77343 |
| **Appellee:** | Sheriff of County of Atascosa |
| **Appellate Counsel**<br>**For Appellee:** | Lucinda A. Vickers<br>County Attorney<br>Dennis Arriaga |

i

Assistant County Attorney  
Atascosa County Attorney's Office  
#1 Courthouse Circle Drive #3-B  
Jourdanton. Texas 78026

Trial Counsel  
for Appellee:

Lucinda A. Vickers  
County Attorney  
Dennis Arriaga  
Assistant County Attorney  
Atascosa County Attorney's Office  
#1 Courthouse Circle Drive #3-B  
Jourdanton, Texas 78026

Defendant in  
Trial Court:

Gerald B. Phillips, M.D.

Counsel for Defendant:

Rosemary L. Hollan  
Hollan Law Firm. P.C.  
711 Navarro. Suite 250  
San Antonio. Texas 78205

Defendant in  
Trial Court:

District Attorney of Atascosa County

Counsel for Defendant:

Dannick Villasenor-Hernandez  
Brandon E. Strey  
Plunkett & Griesenbeck. Inc.  
1635 N.E. Loop 410. Suite 900  
San Antonio. Texas 78209

ii

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ................................................................ i

TABLE OF CONTENTS ................................................................................ iii

INDEX OF AUTHORITIES ............................................................................... v

STATEMENT OF THE CASE ............................................................................. 2

STATEMENT REGARDING ORAL ARGUMENT ......................................................... 3

ISSUES PRESENTED ..................................................................................... 3

STATEMENT OF FACTS ................................................................................. 3

    A.    Edwards's Complaint ......................................................................... 4

    B.    Edwards's Motion for No-Answer Default Judgment ................................... 5

    C.    Sheriff's Motion for Summary Judgment .............................................. 6

    D.    The Trial Court Hearing on The Motions ............................................. 8

    E.    Edwards's Post-Judgment Motions and Appeal ..................................... 11

SUMMARY OF THE ARGUMENT ...................................................................... 11

ARGUMENT AND AUTHORITIES ...................................................................... 13

I.    Objections to Appellant's Brief .................................................................. 13

II.    Sheriff Answered Edwards's Suit ............................................................... 13

    A.    Trial Court Could Not Properly Render a No-Answer Default Judgment Against Sheriff ............................................................. 13

    B.    Notice of Removal Did Not Defeat Sheriff's Answer ................................ 15

III.    Edwards Received Timely Notice of Hearing on Sheriff's MSJ ............................. 18

IV.    Trial Court Correctly Granted Sheriff's MSJ Because Edwards's Claims Are Barred .................................................................................. 19

A.    Standard of Review ........................................................................20

B.    Edwards's Suit is Barred by Four-Year Statute of Limitations ...........................21

    1.    Edwards's Suit Does Not Allege a Specific Cause of Action Against Sheriff ........................................................................21

    2.    The Four-Year Residual Statute of Limitation Period Applies ................21

    3.    Edwards' Claims Are Barred ........................................................22

    4.    Neither the Discovery Rule Nor Fraudulent Concealment Can Save Edwards's Claims ........................................................23

C.    Even if Edwards's Causes of Action Could Be Cast as a Section 1983 Claim. His Claims Are Barred ........................................................26

CONCLUSION AND PRAYER ........................................................28

CERTIFICATE OF COMPLIANCE ........................................................29

CERTIFICATE OF SERVICE ........................................................29

APPENDIX TO BRIEF OF APPELLEE ........................................................30

# INDEX OF AUTHORIES

**Case**                                                                                                                    **Page(s)**

*Advent Trust Co. v. Hyder,*
    12 S.W.3d 534 (Tex. App.—San Antonio 1999, pet. denied) ...........................................22

*AT&T Corp. v. Rylander,*
    2 S.W.3d 546 (Tex. App.—Austin 1999, pet. denied) ...............................................24

*Baker v. McCollan,*
    443 U.S. 137 (1979) .................................................................................27

*Benefit Planners v. Rencare, Ltd.,*
    81 S.W.3d 855 (Tex. App.—San Antonio 2002, pet. denied) ...............................9

*BP Am. Prod. Co. v. Marshall,*
    342 S.W.3d 59 (Tex. 2011) .......................................................................23, 24

*Collins v. City of Harker Heights,*
    112 S. Ct. 1061 (1992) .............................................................................27

*Davis v. James A.W. & Houston Reporting Servs.,*
    433 S.W.3d 101 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) .....................15, 18

*Davis v. Jefferies,*
    764 S.W.2d 559 (Tex. 1989) ......................................................................15

*Doe v. Taylor Indep. Sch. Dist.,*
    15 F.3d 443 (5th Cir. 1994) .......................................................................27

*E.D. Sys. Corp. v. Southwestern Bell Tel. Co.,*
    674 F.2d 453 (5th Cir. 1982) .....................................................................16

*Hardin v. Straub,*
    109 S. Ct. 1998 (1989) .............................................................................27

*In the Interest of E.R.,*
    385 S.W.3d 552 (Tex. 2012) ......................................................................14

*Jackson v. Johnson,*
    950 F.2d 263 (5th Cir. 1992) .....................................................................27

*Jefferson v. Jones,*
    74 Tex. 635 (Tex. 1889) ............................................................................15

*KPMG Peat Maverick v. Harrison County Hous. Fin. Corp.,*
988 S.W.2d 749 (Tex. 1999)..................................................................22

*Kuykendall v. Beverly,*
436 S.W.3d 809 (Tex. App.—Texarkana 2014, no pet.) .......................19

*Lear Siegler, Inc. v. Perez,*
819 S.W.2d 470 (Tex. 1991) .................................................................20

*Lewis v. Blake,*
876 S.W.2d 314 (Tex. 1994) ............................................................18, 19

*Moreno v. Sterling Drug, Inc.,*
787 S.W.2d 348 (Tex. 1990) .................................................................22

*Morriss v. Enron Oil & Gas Co.,*
948 S.W.2d 858 (Tex. App.—San Antonio 1997, no pet.) ...................21

*Murray v. O & A Express, Inc.,*
630 S.W.2d 633 (Tex. 1982) .................................................................21

*Owens v. Okure,*
488 U.S. 235 (1989) ..............................................................................27

*Quaestor Invs., Inc. v. Chiapas,*
997 S.W.2d 226 (Tex. 1999) .................................................................16

*Ross v. Nat'l Ctr. For the Empl. of the Disabled,*
197 S.W.3d 795 (Tex. 2006) ...................................................................9

*Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.,*
737 S.W.2d 55 (Tex. App.—San Antonio 1987, no writ) ....................14

*Shah v. Moss,*
67 S.W.3d 836 (Tex. 2001) ...............................................................20, 24

*Spencer v. Seagoville,*
700 S.W.2d 953 (Tex. App.—Dallas 1985, no writ) ............................27

*Stoner v. Thompson,*
578 S.W.2d 679 (Tex. 1979) .................................................................21

*Texas Nat. Res. Conserv. Comm'n v. Sierra Club,*
70 S.W.3d 809 (Tex. 2002) ...................................................................14

*Toliver v. Dallas Fort Worth Hosp. Council,*

198 S.W.3d 444 (Tex. App.—Dallas 2006, no pet.) ............................................. 17

*Velsicol Chem. Corp. v. Winorgrad,*
956 S.W.2d 529 (Tex. 1997) ............................................................................. 25

*Werner v. Colwell.*
909 S.W.2d 866 (Tex. 1995) ............................................................................. 14

*Wilson v. Dunn,*
197 S.W.3d 795 (Tex. 2006) ............................................................................... 9

*Wright v. Greenberg.*
2 S.W.3d 666 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) .............. 24, 25

<u>Statutes</u>                                                                                          <u>Page(s)</u>

28 U.S.C § 1446 ................................................................................................. 16

42 U.S.C § 1983 ................................................................................................. 26

Tex. Civ. Prac. & Rem. Code § 16.051 .............................................................. 22

<u>Rules</u>                                                                                             <u>Page(s)</u>

Tex. R. App. P. 9.4 .......................................................................................... 1, 29

Tex. R. App. P. 38 ................................................................................................. 1

Tex. R. App. P. 38.1 .............................................................................................. i

Tex. R. App. P. 38.2 ............................................................................................ 31

Tex. R. App. P. 39.1 .............................................................................................. 3

Tex. R. App. P. 39.7 .............................................................................................. 3

Tex. R. Civ. P. 21a .............................................................................................. 18

Tex. R. Civ. P. 94 ............................................................................................... 14

Tex. R. Civ. P. 99 ........................................................................................... 14, 15

Tex. R. Civ. P. 106 ............................................................................................. 14

Tex. R. Civ. P. 107 ............................................................................................. 15

Tex. R. Civ. P. 109 ...................................................................................................14

Tex. R. Civ. P. 109a ................................................................................................14

Tex. R. Civ. P. 124 ..................................................................................................14

Tex. R. Civ. P. 166a ................................................................................................18

Tex. R. Civ. P. 237a ................................................................................................16

Tex. R. Civ. P. 239 ..............................................................................................14, 1

NO. 04-14-00612-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

DAVID ALLAN EDWARDS,
Appellant

v.

SHERIFF OF COUNTY OF ATASCOSA,
Appellee.

On Appeal from the 81st Judicial District Court,
Atascosa County, Texas
Cause No. 12-02-0185-CVA
The Honorable Thomas F. Lee Presiding

BRIEF OF APPELLEE SHERIFF OF COUNTY OF ATASCOSA

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Appellee Sheriff of County of Atascosa ("Sheriff" or "Appellee"), submits this Brief of

Appellee in accordance with rules 9.4 and 38 of the Texas Rules of Appellate Procedure and all

local rules of this Court. In opposition to the appeal by David Allen Edwards ("Edwards" or

"Appellant"), Appellee urges this Court to affirm the trial court's order granting Appellee's Motion

for Summary Judgment and Motion to Sever.

1

## STATEMENT OF THE CASE

Appellant is a pro se inmate of the Texas Department of Criminal Justice. (T. Clerk R. 56. 61)[1]. Appellant initiated this suit on February 28, 2012, when Appellant filed suit against various government defendants in the 81st/218th Judicial District Court of Atascosa County. (T. Clerk R. 1-2). Appellant alleged that, while incarcerated at the Atascosa County Jail, he was improperly medicated at the direction of jail staff and administrators. (T. Clerk R. 3-7). Appellant alleged that the inadequate medical care proximately caused him harm. (T. Clerk R. 10). On January 7, 2014, Appellant filed a motion for no-answer default judgment against Appellee and the Atascosa County Commissioners' Court. (T. Clerk R. Vol. 2, 400). Appellee filed, on April 3, 2014, his Motion for Summary Judgment and Motion to Sever (hereinafter "MSJ"). (S. Clerk R. 888)*. Both, Appellant's and Appellee's motions were heard by the trial court on May 9, 2014. (Rep. R. 3-4).

On May 10, 2014, the trial court signed an order granting Appellee's motion for summary judgment and ordered that Appellant recover nothing from Appellee. (Clerk R. 1). The court also granted Appellee's motion for severance (Clerk R. 1) and, on June 13, 2014, an order was entered wherein the trial court denied Appellant's motion for default judgment. (Clerk R. 46). Appellant now appeals the order of the trial court granting Appellee summary judgment and severance. (Clerk R. 56).

---

* Appellee Sheriff will refer to the Clerk's Record filed with the Court on August 28, 2014, as (Clerk R. [page no.]), the Supplemental Clerk's Record filed with the Court on January 14, 2015, as (S. Clerk R. [page no.]), the Clerk's Record filed with the Court on June 28. 2013, and transferred from Court of Appeals No. 04-13-00725-CV to this cause on January 7, 2015, as (T. Clerk R. [page no.]), and the Clerk's Record. Volume 2 of 2. delivered to the Court on June 25, 2014, and transferred from Court of Appeals No. 04-13-00725-CV to this cause on January 7. 2015, as (T. Clerk R. Vol. 2, [page no.]).

2

## STATEMENT REGARDING ORAL ARGUMENT

Appellant David Allen Edwards did not request oral argument in his opening brief. Should the Court grant oral argument, and only then, Appellee Sheriff of County of Atascosa respectfully requests oral argument in this case. It is Appellee's belief that consideration of the issues presented would not be aided, specifically, by oral argument as such arguments can be adequately articulated within the appellate briefs. Tex. R. App. P. 39.1, 39.7.

## ISSUES PRESENTED

1. Did the trial court correctly deny Edwards's motion for no-answer default judgment, where Sheriff filed an answer on April 4, 2012, the same day the notice of removal was filed in state court, but prior to the filing of the notice of removal?

2. Did Edwards receive timely notice of the hearing on Sheriff's motion for summary judgment, where Sheriff mailed the hearing notice return receipt requested thirty-five days prior to the hearing and included a certificate of service?

3. Did the trial court correctly grant Sheriff's motion for summary judgment on the basis that Edwards's suit was barred by the four-year residual statute of limitations period provided for in Section 16.051, Civil Practice and Remedies Code, where the pleadings filed by Edwards did not precisely or concisely demonstrate the causes of action relied upon or asserted by Edwards against Sheriff?

## STATEMENT OF FACTS

Sheriff of County of Atascosa does not concur in Edwards's statement of facts[2] and submits the following:

---

[2] Sheriff construes Edwards's "History of the Case" as his Statement of the Case and Statement of Facts. (Appellant Br. 1-2).

3

## A.    Edwards's Complaint

Edwards, a pro se inmate incarcerated in the Texas Department of Criminal Justice, filed his "Plaintiffs Due Course of Law Complaint" on February 28, 2012, in the 81st/218th Judicial District Court of Atascosa County. (T. Clerk R. 1). Edwards named the District Attorney of Atascosa County, the "Judge over Court," the Sheriff, the County of Atascosa (T. Clerk R. 2), and, on April 5, 2012, through a motion to supplement, Dr. Phillips and the Atascosa County Commissioners' Court (hereinafter "Commissioners") as defendants in his suit. (T. Clerk R. 28).

Edwards alleged, in his complaint, "deprivations under Color of State Law of Civil Rights secured by the Due Course of Law in Conjunction with the Constitution of United States." (T. Clerk R. 1). Edwards declared that upon release from Willford Hall Medical Center, he was placed into the custody of the Atascosa County Jail. (T. Clerk R. 3). Edwards declared that during his incarceration at the Atascosa County Jail, and while he awaited trial, the Atascosa County Jail staff substituted his prescribed medications for various narcotics without a prior medical evaluation. (T. Clerk R. 3-4). Edwards alleged that he suffered anxiety, confusion, and behavioral problems as a result of the psychotropic medications administered to him. (T. Clerk R. 3).

Edwards stated that he was denied competent and professional medical services. (T. Clerk R. 4-5). He claimed that the various narcotics caused him to be heavily sedated during his criminal trial and he asserted that he was coerced into pleading guilty in his criminal trial. (T. Clerk R. 6). Edwards alleged that he was never medically diagnosed with a disorder, never medically evaluated, and that he never consented to the medications. (T. Clerk R. 9-10).

Edwards contended that the County of Atascosa exercised indifference with regard to his rights by, among other things, failing to oversee and train its court officers, failing to provide competent counsel, and failing to provide professional medical care. (T. Clerk R. 8). Edwards

4

claimed that the Judge of Said Court, Stella Saxon, was indifferent to his rights by, among other things, failing to appoint competent counsel, failing to provide a fair and impartial trial, and by allowing false testimony to be entered into evidence. (T. Clerk R. 8-9). Edwards further alleged that the District Attorney of Atascosa County, through Jackie Sparks, was indifferent to his rights by, among other things, using false testimony and fictitious extraneous acts against him during his criminal trial. (T. Clerk R. 9). Finally, Edwards stated that the Sheriff of County of Atascosa, Tommy Williams, was indifferent to his rights by denying him professional medical services and by illegally prescribing and sedating him with medications such as Valium, Ambien, and Effexor XR. (T. Clerk R. 9).

Edwards claimed that his criminal plea was performed under illegally forced sedation and that, as a whole, the named defendants conspired to deny him the Due Course of Law. (T. Clerk R. 10). Edwards asserted that the pattern of conduct caused him substantial and irreparable mental anguish. (T. Clerk R. 10).

Edwards prayed for a declaratory judgment declaring the defendants' acts violated his rights under the Texas Constitution and the laws of the United States, a permanent injunction ordering the defendants to admit the acts committed, an order directing the defendants to comply with the Constitution, compensation for the costs of suit, including reasonable attorney's fees and for all other proper relief. (T. Clerk R. 11).

B.    Edwards's Motion for No-Answer Default Judgment

On January 7, 2014, Edwards filed his motion entitled "Motion to Compel Judgment for No-Answer Default and/or Summary Default Judgment with Severances Pursuant to T.R.C.P. 41, 166a(c), 237, 237a, 239, 240, 268 For Defendant's County Court of Commissioners, Atascosa

5

County, Lon Gillespie, William Torans, Freddie Ogden, Weldon Cude, Atascosa County Sheriff, Tommy Williams."[3] (T. Clerk R. Vol. 2, 400).

In his motion, Edwards asserted that this suit was filed on February 28, 2012. (T. Clerk R. Vol. 2, 401). Edwards stated that on March 30, 2012, the District Attorney filed for removal to federal court. (T. Clerk R. Vol. 2, 401). Edwards claimed that the Sheriff filed an original answer on April 4, 2012. (T. Clerk R. Vol. 2, 401). Edwards further stated that on October 24, 2012, a remand order was signed by the federal court. (T. Clerk R. Vol. 2, 401). He asserted that he properly served all defendants with a copy of the reinstatement order. (T. Clerk R. Vol. 2, 401).

Edwards claimed that, after reinstatement, the first hearing held by the trial court was on April 17, 2013, in which neither Sheriff nor Commissioners made an appearance. (T. Clerk R. Vol. 2, 401). Edwards further claimed that a second hearing was held on September 26, 2013, and that neither defendant made an appearance at that hearing. (T. Clerk R. Vol. 2, 401).

Edwards argued, in his motion, that a no-answer default judgment was proper because the Sheriff did not file an appropriate and timely answer in response to this suit. (T. Clerk R. Vol. 2, 402-03). In support, Edwards argued that more than twenty days elapsed since the date the Sheriff and Commissioners were served with a copy of the reinstatement. (T. Clerk R. Vol. 2, 402-03). Furthermore, Edwards complained that neither Sheriff nor Commissioners addressed or answered the pleadings filed by him in this suit. (T. Clerk R. Vol. 2, 402-03).

Edwards asked the trial court to grant a no-answer default judgment against Sheriff and Commissioners, and prayed for the costs of suit, including reasonable attorney's fees, and all other relief. (T. Clerk R. Vol. 2, 403).

C.     Sheriff's Motion for Summary Judgment

---

[3] For ease of reading, Sheriff will refer to this motion as Edwards's motion for default judgment.

6

On April 4, 2014, Sheriff filed with the clerk of the trial court his MSJ. (S. Clerk R. 4). On April 3, 2014, Edwards was served by certified mail, return receipt requested, with Sheriff's MSJ. (S. Clerk R. 10).

In his motion, Sheriff acknowledged that while Edwards awaited criminal prosecution, Edwards was in the custody of the Atascosa County Jail. (S. Clerk R. 4-5, 13-15). Sheriff stated that, after various transfers in and out of the Atascosa County Jail, Edwards was finally transferred on November 6, 2000, to the Texas Department of Criminal Justice. (S. Clerk R. 7,11). As support, Sheriff attached the affidavit of Captain Martin Gonzales, the jail administrator and custodian of records, attesting to Edwards's custody in the Atascosa County Jail. (S. Clerk R. 11). Captain Gonzales attested that the last date of incarceration of Edwards, in the Atascosa County Jail, was November 6, 2000. (S. Clerk R. 11).

Sheriff complained that Edwards's claims against the Sheriff were unclear and that the pleadings failed to state a specific cause of action. (S. Clerk R. 5). Because no specific statute was cited for any wrongdoing or injury suffered by Edwards, Sheriff argued that the accrual date for any supposed injury or wrongdoing was inescapably restricted to a date Edwards was incarcerated in the Atascosa County Jail. (S. Clerk R. 7). Thus, Sheriff argued, Edwards's cause of action began to accrue on November 6, 2000, at the latest. (S. Clerk R. 7).

Sheriff claimed that without any specific cause of action asserted by Edwards, the four-year residual statute of limitation period, by default, applied. (S. Clerk R. 7-8). Sheriff contended that the four-year statute of limitations barred Edwards' suit, filed on February 28, 2012, because more than four years elapsed between the accrual of any potential cause of action, being no later than November 6, 2000, and the date suit was filed. (S. Clerk R. 8).

Sheriff recognized that the discovery rule, an exception to the general rule for the accrual of a cause of action, could toll the statute of limitation period, if applied. (S. Clerk R. 7). But Sheriff argued that Edwards was aware of any wrongdoing or injury when the act occurred and that Edwards failed to plead the discovery rule or any other defensive theory that tolled the statute of limitations for the events that formed the basis of this suit. (S. Clerk R. 7-8).

Sheriff argued that, as a matter of law, he was entitled to summary judgment, because Edwards's lawsuit was barred by the four-year residual statute of limitation period. (S. Clerk R. 8-9). Sheriff prayed for the court to grant the motion for summary judgment, as a matter of law, and that the trial court sever judgment in favor of Sheriff from the remaining suit. (S. Clerk R. 9).

## D.    The Trial Court Hearing on the Motions

On May 9, 2014, the trial court held a hearing to consider Edwards' motion for no-answer default judgment and Sheriff's MSJ. (Rep. R. 1). Edwards appeared in person. (Rep. R. 3).

The court first considered arguments regarding Edwards' request for a no-answer default judgment. (Rep. R. 4). Edwards argued that removal to federal court was filed on March 30, 2012. (Rep. R. 6). Edwards stated that the reinstatement was served on the Sheriff on October 25, 2012. (Rep. R. 6). Edwards claimed that since October 25, 2012, the Sheriff has failed to file an answer. (Rep. R. 6). Edwards argued that he filed a certified copy of the order remanding the case and that he gave written notice of the filing to all defendants. (Rep. R. 6). Edwards further argued that an answer was required to be filed by Sheriff within fifteen days from the date he received such notice. (Rep. R. 17-18).

The trial court then considered the second part of Edwards' motion for summary judgment. (Rep. R. 8). Edwards asked the trial court to render judgment in his favor, because Sheriff failed

8

to respond to his discovery requests. (Rep. R. 8). Edwards suggested that anything less than a complete answer to his discovery requests amounted to a failure to answer. (Rep. R. 8).

In response to the no-answer default judgment request, Sheriff argued that an answer was filed on behalf of the Sheriff, as the only county entity properly served with citation.[4] (Rep. R. 9). Sheriff urged that the answer filed on April 4, 2012, constituted a sufficient answer and that Sheriff was not required to file an additional answer when the case was remanded to state court. (Rep. R. 10).

Additionally, Sheriff argued that he appeared by telephone at past hearings held during the suit, but that he did not present any arguments, because the purposes of those hearings did not directly involve him. (Rep. R. 10).

In addressing the discovery issue, Sheriff stated that a response or objection was, in fact, filed for the discovery requests filed by Edwards and directed to Sheriff. (Rep. R. 10).

The court lastly considered Sheriff's motion for summary judgment. (Rep. R. 28). Sheriff adopted the arguments articulated by counsel for District Attorney of Atascosa County. (Rep. R. 28). The argument rested on the premise that Edwards was last incarcerated at the Atascosa County Jail in 2000. (Rep. R. 28-9). Sheriff argued that the four-year statute of limitations barred Edwards's suit, because Edwards' claims were brought beyond the four-year limitation period.

---

[4] Solely for the purposes of clarity, and without the intent to be construed, in any manner, as an appearance on behalf of Atascosa County Commissioners' Court, Appellee notes that the Atascosa County Commissioners' Court was not served with process in this suit. Absent service of process, an answer or an appearance by the Commissioners, the trial court did not have jurisdiction over the defendant. *Benefit Planners v. Rencare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.—San Antonio 2002, pet. denied) (holding that because the trial court did not acquire *in personam* jurisdiction, the trial court's judgment was void). A defendant's actual notice of the pending litigation is insufficient and does not constitute proper service. *Ross v. Nat'l Ctr. for the Empl. of the Disabled*, 197 S.W.3d 795, 796-98 (Tex. 2006) (holding that without proper service of process, a party has no duty to act, participate in court proceedings, or comply with any judgment rendered); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

9

(Rep. R. 28-9). Edwards's suit was filed in 2012, more than four years after the accrual of any justiciable cause of action. (Rep. R. 28-9). Sheriff complained that the causes of action asserted by Edwards against the Sheriff were indiscernible and, thus, use of the four-year residual statute of limitations was appropriate for this case. (Rep. R 28). Sheriff alleged that Edwards failed to plead the discovery rule or any other rule that would toll the accrual of the statute of limitations in any pleading filed by Edwards. (Rep. R. 28).

Edwards, in response, objected to Sheriff's MSJ, on the basis that he did not receive timely notice. (Rep. R. 30). Edwards claimed that he received notice of the MSJ hearing on April 23, 2014, which was less than twenty-one days prior to the hearing date. (Rep. R. 30).

Sheriff argued that notice of the motion for summary judgment was properly served on Edwards, because it was mailed to Edwards on April 3, 2014, and received by the Ellis Unit in Huntsville, on April 9, 2014. (Rep. R. 30-31). The trial court judge took note of and referenced the certificate of service verifying service on April 3, 2014. (Rep. R. 30-31). Sheriff stated that notice of the hearing was mailed to the Ellis Unit as the last known address for Edwards at the time. (Rep. R. 32-33).

The court overruled Edwards's objection. (Rep. R. 32). Edwards then argued that Sheriff was responsible for the employees who gave perjured testimony during his criminal trial. (Rep. R 34). Edwards argued that the fraudulent concealment doctrine was applicable in this case and that the doctrine prevented the four-year statute of limitation period from barring his suit. (Rep. R. 34).

The trial court overruled Edwards's motion for default judgment. (Rep. R. 35). Meanwhile, the court granted the motion for summary judgment filed by Sheriff. (Rep. R. 35). On May 10, 2014, the court signed an order granting Sheriff's motion for summary judgment and

10

motion to sever. (Clerk R. 1). In the order, the court held that Edwards was to recover nothing from the Sheriff by way of this suit. (Clerk R. 1).

### E. Edwards's Post-Judgment Motions and Appeal

On June 4, 2014, Edwards filed a motion for new trial, arguing that he was not properly served with notice of the hearing for the motion for summary judgment and that the Sheriff failed to file an answer in the federal court, while the case was removed, or in the state court, after remand. (Clerk R. 3). The Sheriff did not respond to Edwards's motion for new trial.

On May 22, 2014, Edwards filed a request for findings of fact and conclusions of law. (T. Clerk R. Vol. 2, 637). On June 19, 2014, Edwards filed a notice of past due findings of fact and conclusions of law (Clerk R. 47), and on July 10, 2014, he filed his third notice of past due findings of fact and conclusions of law. (Clerk R. 51). The trial court did not enter findings of fact or conclusions of law.

Edwards filed his notice of appeal on August 28, 2014 (Clerk R. 56), and his brief followed on November 17, 2014. The Sheriff now responds.

### SUMMARY OF THE ARGUMENT

This Court should affirm the trial court's order granting Appellee's motion for summary judgment and granting severance.

The trial court judge correctly determined that Appellant was not entitled to a default judgment against Appellee on the basis that Appellee failed to answer this suit. Appellee filed an answer on April 4, 2012. (S. Clerk R. 24). The answer filed by Appellee in state court was a sufficient answer in the case. Prior to April 4, 2012, the trial court had not entered a default judgment against Appellee, and, after such date, the trial court was barred from entering a no-answer default judgment against Appellee. The notice of removal had no effect upon the answer

11

filed by Appellee, and Appellee was not required to file a subsequent answer after removal or remand.

The trial court correctly found and Appellee conclusively established that Appellant received timely notice of the hearing on Appellee's motion for summary judgment. Notice of the hearing was mailed by Appellee to the Ellis Unit in Huntsville as the last known address for Appellant. Appellee mailed Appellant notice of the hearing on April 3, 2014, and an Amanda Beltran, at the Ellis Unit, signed for delivery of the notice on April 9, 2014. The notice was mailed thirty-five days prior to the hearing date and received by the Ellis Unit twenty-nine days prior to the hearing date. Appellee attached a certificate of service to the Notice of Hearing reflecting that Appellant was served on April 3, 2014, which constitutes prima facie evidence of proper service. Appellant did not provide any evidence reflecting a date of service other than April 3, 2014 or April 9, 2014. Therefore, Appellant had timely notice of the hearing on the Sheriff's summary judgment motion.

The summary judgment evidence conclusively established that the last contact between Appellant and the Appellee occurred on November 6, 2000, when Appellant was last incarcerated in the Atascosa County Jail. Appellant's claims against Appellee are general in nature and superficially suggest that Appellee violated Appellant's due process rights through participation in a conspiracy that provided Appellant improper medical services. Consequently, because no specific cause of action was asserted by Appellant, his claims were subject to the four-year residual limitations period. Nearly twelve years elapsed before Appellant filed suit against Appellee. Appellant presented no evidence during the hearing to raise a fact issue to defeat the statute of limitations. The trial court correctly ruled that Appellant's claims were barred by the four-year

12

residual statute of limitations period found in section 16.051, Texas Civil Practice and Remedies Code. Therefore, Appellee was entitled to summary judgment.

This Court should affirm the trial court's order granting Appellee's motion for summary judgment and severance.

## ARGUMENT AND AUTHORITIES

### I.     Objections to Appellant's Brief

Prior to presenting the arguments and authorities provided by Appellee, Appellee objects to the arguments and exhibits provided by Appellant to this Court that were never admitted into evidence or argued during the summary judgment hearing held on May 9, 2014. Many of the "facts" or "issues" that Appellant declares are outside of the record of this case. For example, Appellant's second Exhibit C consists of declarations by Chelsea Marie Edwards Ogden, Roger Edwards, and Susan Edwards, an internet printout about the Fourth Administrative Judicial Region and two internet article printouts discussing the trial court judge. (Appellant Br. Ex. C). Exhibit E to Appellant's brief consists of three half-page leaflets containing handwritten notes by Appellant, and an unknown individual. (Appellant Br. Ex. E). Exhibit G to Appellant's brief is a Supplemental Notice of Intent to Use Extraneous Acts that was filed for use in Appellant's criminal trial. (Appellant Br. Ex. G). These exhibits, and the "facts" or arguments made within them, were never admitted as summary judgment evidence and are improperly before this Court.

### II.    Sheriff Answered Edwards's Suit

#### A.     Trial Court Could Not Properly Render a No-Answer Default Judgment Against Sheriff

In the first section to his Point of Error Number Four, Appellant states that Appellee never filed a proper answer to this suit in federal or state court. (Appellant Br. 8). Appellant argues that, because Appellee did not file an answer in this suit, Appellee had no right to file his MSJ.

13

(Appellant Br. 8). Appellant insinuates that, in failing to file an answer, Appellee legally admitted to the pleadings filed by Appellant. (Appellant Br. 8).

The process by which a plaintiff gives a defendant notice that it has been sued is referred to as "service of citation." *Texas Nat. Res. Conserv. Comm'n v. Sierra Club*, 70 S.W.3d 809, 813 (Tex. 2002). When a copy of the citation and a copy of the petition are served to the defendant, "service of process" is accomplished. *See* Tex. R. Civ. P. 99.

Process may be served by United States certified mail, return receipt requested, by personal delivery to the defendant, or by some method of substituted service authorized by a court order. *See* Tex. R. Civ. P. 106, 109, 109a; *see also In the Interest of E.R.*, 385 S.W.3d 552, 558-61 (Tex. 2012) (discussing service of citation by publication). The record must demonstrate strict compliance with the type of service used and a default judgment may not be taken against a defendant unless the defendant was served with process, accepted process, or waived service of process, and, thereafter, failed to file an answer or make an appearance in the proceedings. Tex. R. Civ. P. 124, 239; *Werner v. Colwell*, 909 S.W.2d 866, 869-870 (Tex. 1995). The law detests default judgments. *Santex Roofing & Sheet Metal v. Venture Steel, Inc.*, 737 S.W.2d 55, 56-57 (Tex. App.—San Antonio 1987, no writ) (discussing the reluctance of Texas courts to enter a default judgment when certain forms of written pleadings have been filed by a defendant).

After service of process, a defendant's answer must generally be filed by 10:00 a.m. on the first Monday following the expiration of twenty days from the date of service. Tex. R. Civ. P. 99(b). An answer should contain a general denial denying the allegations in the plaintiff's petition, and, if a defendant wishes to rely upon an affirmative defense, should specifically plead the affirmative defenses he expects to rely upon. Tex. R. Civ. P. 94. An affirmative defense is an independent reason why the plaintiff is not entitled to the relief requested. *Id.* If the defendant has

14

not filed an answer by the time required to do so, the plaintiff may take a judgment by default against the defendant, as long as the return of service has been on file with the clerk for at least ten days. Tex. R. Civ. P. 107, 239. Nonetheless, a defendant has a right to file an answer at any time before a judgment by default has been entered by the court. *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989); *Jefferson v. Jones*, 74 Tex. 635, 636 (Tex. 1889). Upon answer by a defendant, the court can no longer enter a judgment by no-answer default. *Davis v. James A.W. & Houston Reporting Servs.*, 433 S.W.3d 101, 108-09 (Tex. App.—Houston [1st Dist] 2014, pet. denied) (quoting *Jefferson v. Jones*, 74 Tex. 635, 12 S.W. 749, 749 (Tex. 1889)).

Appellee was served with citation on March 5, 2012, by mail. Pursuant to Texas Rule of Civil Procedure 99(b), Appellee's answer was due by March 26, 2012. Tex. R. Civ. P. 99(b). Appellee, in fact, filed his answer on April 4, 2012, nine days after the required time to do so. (T. Clerk R. 24). In his answer, Appellee plead the affirmative defense that Appellant's suit was barred by the expiration of the statute of limitation period. (T. Clerk R. 24).

Notwithstanding, the trial court had not announced a judgment by no-answer default in favor of Appellant and against Appellee prior to April 4, 2012. Appellee filed his answer to this suit on April 4, 2012, which was, although nine days after the required time to do so, timely and appropriate in the sense that it was filed prior to the entry of a default judgment. Appellant's argument that the trial court judge incorrectly denied his motion for no-answer default judgment fails, because the filed answer prohibited the trial court from granting a no-answer default judgment against Appellee. *Davis*, 433 S.W.3d at 108-09.

B.    **Notice of Removal Did Not Defeat Sheriff's Answer**

In the first section of his Point of Error Number Four, Appellant argues that Appellee did not file an answer to this suit. (Appellant Br. 7-8). Appellant acknowledges that Appellee filed

15

an answer on April 4, 2012 (Clerk R. 58), but asserts that such an answer was insufficient, because the answer was not filed in federal court after removal or in state court after remand. (Appellant Br. 7-8).

The procedure for removal of a cause of action to federal court is found at 28 U.S.C. § 1446. After filing a notice of removal in the federal court, the defendant seeking removal must file a copy of the notice of removal in the state court. 28 U.S.C. § 1446(d). The filing of the notice of removal in the state court effects the removal and the state court cannot proceed any further in the case unless the case is remanded. *Id.* All action in state court is stayed while the case remains removed, and the state court has no power to act. *E.D. Sys. Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 458 (5th Cir. 1982).

Upon remand, a remand order is executed and a certified copy of the order is sent to the state court. *Quaestor Invs., Inc., v. Chiapas*, 997 S.W.2d 226, 228 (Tex. 1999). Remanding a case to state court terminates the jurisdiction of the federal court. *Id.* When the federal court mails a certified copy of the remand order to the state court, jurisdiction re-vests in the state court. *Id.* at 229. The state court may then proceed with the case. *Id.* at 228.

Rule 237a of the Texas Rules of Civil Procedure imposes a deadline for filing an answer if an answer was not filed in state court prior to removal or in federal court after removal. The rule provides:

> All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer. No default judgment shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal.

Tex. R. Civ. P. 237a. Rule 237a does not establish a deadline to answer, in the sense that an answer not filed by the deadline is waived, but provides a time certain after which the plaintiff may move

for default judgment if no answer is filed. *Toliver v. Dallas Fort Worth Hosp. Council.* 198 S.W.3d 444. 449 (Tex. App.—Dallas 2006, no pet.).

Here. notice of removal to the United States District Court. Western District of Texas. San Antonio Division was filed with the clerk of the trial court on April 4, 2012. (T. Clerk R. 19). Appellee's answer was filed in the trial court on the same day. (T. Clerk R. 24). On October 10, 2012, a remand order was signed and the case was remanded to the District Court of Atascosa County. (S. Clerk R. 30-32). Appellant filed notice of the remand order in the state court on October 24, 2014. (T. Clerk R. 309).

Appellee's answer was properly filed. By simple coincidence. the two documents were filed on the same date. but that in no way defeats the purpose or intent of the answer. The file stamp on Appellee's answer reflects that it was filed at 3:09 p.m. (T. Clerk R. 24). The notice of removal was file stamped at 4:46 p.m. on the same day. (T. Clerk R. 19). The notice of removal had no consequence upon the answer filed by Appellee. When Appellee filed his answer. the state district court had unfettered jurisdiction of the cause. It was not until 4:46 p.m., on April 4, 2012. that the state district court's jurisdiction was interrupted by the filing of the notice of removal. Being that Appellee's answer was filed approximately one and a half hours prior to the federal court acquiring jurisdiction, Appellee's answer was properly filed.

No additional answer was required to be filed. either in federal or state court, by Appellee. The April 4, 2012, answer filed by Appellee constituted a live pleading and remained in effect upon the filing for removal to federal court, while the case was removed to federal court, and after remand to state court. The pleading by Appellee was neither waived nor withdrawn by Appellee.

17

Upon remand to state court, the answer re-emerged as a live pleading when the state court reacquired jurisdiction of the case. With an answer on file in the state court, the trial court could no longer enter a judgment by no-answer default against Appellee. *Davis*, 433 S.W.3d at 108-09.

The Appellee conclusively established that he filed a timely answer to this suit. Because a secondary answer was not required to be filed in federal court after removal, or in state court, after remand, the trial court correctly denied Appellant's motion for no-answer default judgment.

This Court should affirm the trial court's order granting Appellee's motion for summary judgment.

## III. Edwards Received Timely Notice of Hearing on Sheriff's MSJ

In his Point of Error Number Two and Point of Error Number Five, Appellant contends that he did not receive timely notice of the scheduled hearing of the Appellee's summary judgment motion. (Appellant Br. 4, 12). Appellant asserts that he received notice of the hearing on April 23, 2014. (Appellant Br. 4, 12). Appellant complains that, based on the lack of notice, he properly moved for a continuance, which the court improperly denied. (Appellant Br. 4).

Texas Rule of Civil Procedure 166a provides that a non-movant is entitled to a minimum of twenty-one days' notice of the date set for a summary judgment hearing. Tex. R. Civ. P. 166a. However, when a motion and notice of a hearing are served by mail, three days are added, and, they must be mailed at least twenty-four days before date of the hearing. Tex. R. Civ. P. 21a; *see also Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994). Service by mail is accomplished when the properly addressed document is deposited in the mail. Tex. R. Civ. P. 21a. With certain limitations, every notice required by the rules of civil procedure may be served by certified or registered mail to the party's last known address. *Id.* A written certificate of service by a party constitutes prima facie evidence of proper service. *Id.* Absent proof of nonreceipt, the

18

presumption has the force of a rule of law. *Kuykendall v. Beverly*, 436 S.W.3d 809, 813 (Tex. App.—Texarkana 2014, no pet.).

Appellant did receive timely notice of the hearing on Appellee's motion for summary judgment. The MSJ filed by Appellee included a Notice of Hearing setting the hearing date for May 9, 2014. (S. Clerk R. 10). The summary judgment motion further contained a certificate of service stating that the motion was mailed to Appellant at the Ellis Unit in Huntsville, his last known address at the time, by certified mail, return receipt requested, on April 3, 2014. (Rep. R. 30-31; S. Clerk R. 10). This certificate of service constitutes prima facie evidence of service. *Kuykendall*, 436 S.W.3d at 813.

The green domestic return receipt was signed for by Amanda Beltran on April 9, 2014. (Rep. R. 31). The summary judgment hearing was held on May 9, 2014. (Rep. R. 1). Excluding the day of mailing and the date of the hearing, Appellee's MSJ was heard thirty-five days after the mailing of the notice of the hearing and twenty-nine days after receipt of the correspondence. No fewer than twenty-four days intervened between the date the notice was mailed and the date the hearing was conducted. *Lewis*, 876 S.W.2d at 316.

The Notice of Hearing provided Appellant ample and adequate notice of the setting of Appellee's motion for summary judgment. Appellant does not deny that he received the notice of the hearing and he has offered no evidence rebutting the certificate of service, other than his assertions that he did not receive the notice of the setting. The trial court correctly granted Appellee's motion for summary judgment and this Court should affirm.

## IV. Trial Court Correctly Granted Sheriff's MSJ Because Edwards's Claims Are Barred

In the second section to his Point of Error Number Four, Appellant asserts that Appellee enlisted two employees to perjure themselves during Appellant's criminal trial through submission

of a false extraneous offense report. (Appellant Br. 10). Appellant argues that the false extraneous offense report violated his due process and civil rights. (Appellant Br. 10). He contends that the act of submitting the false offense report was part of a conspiracy to incite the jury and cause the jury to assess a harsher punishment. (Appellant Br. 10).

The trial court correctly granted Appellee summary judgment, because Appellee conclusively established that Appellant's claims were barred by the residual four-year limitations period. The summary judgment evidence attached to Appellee's MSJ conclusively established that any potential cause of action against Appellee necessarily accrued on or before November of 2000, when Appellant was last incarcerated in the Atascosa County Jail. (S. Clerk R. 11-15). Appellant does not assert any further contact between Appellant and Appellee beyond November 6, 2000, that could form the basis of the allegations proclaimed in this suit.

While Appellant does not clearly and concisely state a cause of action, his purported allegations involve a conspiracy to deny him proper medical treatment that occurred approximately twelve years prior to the filing of this suit. (T. Clerk R. 3-9). Because the claims asserted by Appellant exceed the four-year statute of limitations period, the claims are barred.

A.      Standard of Review

The standard for reviewing a summary judgment is whether the moving party carried its burden to show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lear Siegler. Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). A defendant moving for summary judgment on an affirmative defense, such as a statute of limitation defense, must prove each element of the affirmative defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). In reviewing a trial court's summary judgment, the appellate court resolves all doubts against the movant and reviews the evidence in the manner most favorable to the non-movant. *Id.*

20

B. Edwards's Suit Is Barred by Four-Year Statute of Limitations

    1. Edwards's Suit Does Not Allege a Specific Cause of Action Against Sheriff

The plaintiff's petition defines the issues for trial. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). The petition should provide sufficient facts as to provide fair notice of the allegations asserted against the defendant. *Id.* A plaintiff relying upon a statutory violation should state that fact in the pleadings, if he is to recover on that basis, and identify the statute relied upon. *Id.* For a cause of action to be properly pleaded, sufficient facts must be provided, which permit the trial court to determine with reasonable certainty the elements of the cause of action and the relief sought. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979).

In his initial Due Course of Law Complaint, Appellant asserted that Appellee, by and through the Atascosa County Jail administration, coerced Appellant into entering a plea of guilty, provided him ineffective counsel, and supplied him with improper medical care that caused him to be sedated for his criminal trial. (T. Clerk R. 1, 6).

Appellant does not allege Appellee violated any specific statute nor does Appellant cite to any specific statute or specific cause of action as a basis for his claim. (T. Clerk R. 3-9). Appellant's purported causes of action are couched in vague and general terms and are structured in a convoluted manner, making it problematic to discern.

    2. The Four-Year Residual Statute of Limitation Period Applies

"The statute of limitations is an affirmative defense." *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 867-68 (Tex. App.—San Antonio 1997, no pet.). Its purpose is to compel plaintiffs to assert claims within a reasonable period of time after injury, while the evidence remains fresh in the minds of the parties and their witnesses. *Id.* at 868.

21

The burden of proving the affirmative defense lies solely on the defendant asserting the defense. *Id.* The defendant must specifically plead and prove the defense. *Id.*

In Texas, if no express limitation period for a cause of action is provided, the limitation period is four years. Tex. Civ. P. & Rem. Code § 16.051. Without reference to a specific statute or cause of action, Appellant's allegations would properly fall under the residual limitations period of section 16.051 for limitations purposes. *Id.*

Appellant does not deny that the four-year residual limitation period applies to his suit, but argues that fraudulent concealment tolled the accrual of his cause of action. (Rep. R. 25-29; Appellant Br. 9-11). Appellant failed to argue that the four-year residual statute of limitation period was not applicable in this suit, and thus waived such an argument.

### 3. Edwards's Claims Are Barred

A defendant seeking summary judgment upon the defense of statute of limitations must demonstrate when the action accrued. *KPMG Peat Maverick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a cause of action accrued is a question of law for the court to decide. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Generally, a cause of action begins to accrue on the date a wrongful act causes a legal injury, regardless of when the plaintiff learned of the injury. *Id.*; *see also Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 538 (Tex. App.—San Antonio 1999, pet. denied).

Appellant's suit involves allegations arising from incidents occurring during his incarceration in the Atascosa County Jail. (Appellant Br. 10). Appellant was placed into the custody of the Atascosa County Jail while he awaited trial on criminal charges, and after he was released from a hospital for injuries he suffered during the commission of a criminal offense. Appellant was transferred on multiple occasions before a final transfer to the Texas Department of

22

Criminal Justice. (S. Clerk R. 11-15). As indicated by the affidavit of Captain Gonzales made part of Appellee's MSJ, the ultimate date of incarceration for Appellant in the Atascosa County Jail was November 6, 2000. (S. Clerk R. 11-15). Appellant does not dispute the facts contained within the affidavit.

Appellee nor his administration had any additional dealings with Appellant after Appellant was transferred to the Texas Department of Criminal Justice on November 6, 2000. (S. Clerk R. 11-15). Nor does Appellant allege any further contact between Appellee and Appellant after such a date. Appellant's alleged injuries were, accordingly, committed on or before November 6, 2000.

Appellee definitively established that Appellant's alleged causes of action necessarily accrued on or before November 6, 2000, during his incarceration in the Atascosa County Jail. Because Appellant filed suit on February 28, 2012, approximately twelve years after his last incarceration in the Atascosa County Jail, approximately twelve years after Appellant's last contact with Appellee or his administration, approximately twelve years after the alleged mistreatment that Appellant contends caused him harm, and approximately twelve years after the accrual of any cause of action forming the basis of this suit, Appellee conclusively established his right to summary judgment based on the four-year residual limitation period.

4.      Neither the Discovery Rule Nor Fraudulent Concealment Can Save Edwards's Claims

There are two exceptions to the general accrual rule for the statute of limitations defense. First, the accrual of a cause of action will be tolled when the nature of the injury is inherently undiscoverable and the evidence of the injury is objectively verifiable. *Wagner & Brown v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). This is known as the discovery rule. *Id.* Secondly, the accrual of a cause of action will be tolled in cases where a defendant fraudulently conceals the injury. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011). If either doctrine applies,

23

the cause of action accrues on the date that the plaintiff realized the injury or should have realized the injury through the exercise of reasonable diligence. *Id.*

The doctrine of fraudulent concealment is an equitable affirmative defense to a plea that the statute of limitations bars a suit. *AT&T Corp. v. Rylander*, 2 S.W.3d 546, 557 (Tex. App.—Austin 1999, pet. denied). A party relying upon the doctrine of fraudulent concealment must raise it in response to a motion for summary judgment and bears the burden to prove each element of the doctrine to raise a genuine issue of material fact. *Wright v. Greenberg*, 2 S.W.3d 666, 677 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). To raise the doctrine of fraudulent concealment, the plaintiff must prove that the defendant had actual knowledge of the wrong, that the defendant had a fixed purpose to conceal the wrong and that the defendant, in fact, did conceal the wrong from the plaintiff. *Shah*, 67 S.W.3d at 841. Unlike the discovery rule, application of the fraudulent concealment doctrine is fact-specific. *BP Am. Prod. Co.*, 342 S.W.3d at 67.

In the second section of his Point of Error Number Four, Appellant states that fraudulent concealment applies in this case, because Appellee either failed to disclose wrongful conduct or lied about wrongful conduct. (Appellant Br. 9-10). Appellant charges that two employees of Appellee gave perjured testimony in an extraneous offense report that was submitted to the jury at his criminal trial. (Appellant Br. 10-11). Appellant states that "[u]ntil this document is corrected to reflect the true facts there is a continuing harm on going. Defendant Sheriff has no defense of statute of limitations as long as this extraneous offense report remains fraudulent." (Appellant Br. 11).

However, Appellant failed to plead the discovery rule or the doctrine of fraudulent concealment in any of his pleadings in this suit. At the hearing on Appellee's MSJ, Appellant did

24

raise the doctrine of fraudulent concealment (Rep. R. 27), but because Appellant failed to plead the doctrine, he waived the defense. *Wright*, 2 S.W.3d at 677.

Should this Court find that Appellant properly raised and plead the doctrine of fraudulent concealment. which Appellee does not concede, Appellee asserts that Appellant failed to prove the doctrine at the MSJ hearing.

The doctrine of fraudulent concealment was not proved by Appellant. Appellant failed to demonstrate or provide any evidence to prove that Appellee had actual knowledge of any wrongdoing, that Appellee had a fixed purpose to conceal any such wrong, or that Appellee, in fact, did conceal any wrong from Appellant. Appellant failed to prove that Appellee made an affirmative misrepresentation in any document, or otherwise.

Appellant had personal knowledge of the criminal trial and personal knowledge of the events involving him that transpired during his incarceration in the Atascosa County Jail, because those acts personally involved Appellant. Hence, Appellant would have been aware of any alleged wrongdoing or injury as the legal injuries alleged by Appellant were perpetrated upon him while he was incarcerated in the Atascosa County jail and they personally involved Appellant. (T. Clerk R. 3-7).

Appellant does not dispute his knowledge of the alleged misconduct that forms the basis of this suit. In his complaint, Appellant confirms that he was aware of the declared misconduct. Appellant states that he took action in response to the alleged improper medical services by advising his court appointed criminal attorney of the conduct, complaining, almost daily, of the treatment to MHMR, and requesting relief. (T. Clerk R. 4); *see Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 531 (Tex. 1997) (holding that the fraudulent concealment doctrine did not apply where legal injuries were identifiable).

25

Appellant has offered no evidence to prove fraudulent concealment, other than his self-serving and conclusory assertions that the deputies committed perjury and that fraudulent concealment applies in this case to toll the statute of limitations. The doctrine of fraudulent concealment does not apply to save Appellant's claims from the residual statute of limitations.

Appellant's alleged causes of action accrued on or before November 6, 2000. Appellant filed suit against Appellee approximately twelve years after the date of Appellant's last contact with the Atascosa County Jail administration. He failed to provide any evidence establishing fraudulent concealment. Appellant was aware of the alleged conduct, that he contends caused him harm, at the time it occurred. Because that conduct occurred in 2000, and not later, Appellee conclusively demonstrated that Appellant's claims are time-barred under the residual four-year limitations period. The trial court correctly granted Appellee's motion for summary judgment. This Court should affirm.

### C.    Even if Edwards's Causes of Action Could Be Cast as a Section 1983 Claim, His Claims Are Barred

While Appellant does not assert a violation of any specific statute or concisely detail a cause of action, in his complaint, Appellant generally alleges violations of his rights under the Constitutions of the United States and Texas. (T. Clerk R. 1-2, 10). In the second section to his Point of Error Number Four, Appellant alleges that a fraudulent extraneous offense report was admitted into evidence during his criminal trial in violation of his due process and civil rights. (Appellant Br. 10-11). Finally, during the summary judgment hearing, Appellant appeared to argue that part of the injury suffered by him and forming the basis of this suit were due process violations resulting from a denial of his writ of habeas corpus. (Rep. R. 23-26).

Claims based solely upon alleged violations of constitutional rights and due process rights are properly brought under section 1983. 42 U.S.C. § 1983. Section 1983 imposes liability for

26

acts violating protected rights under the Constitution. *Collins v. City of Harker Heights,* 112 S. Ct. 1061, 1066 (1992); *Baker v. McCollan,* 443 U.S. 137, 146 (1979). To establish a viable section 1983 claim for violation of the Due Process Clause, the plaintiff must prove that he has asserted a recognized liberty or property interest encompassed within the Fourteenth Amendment, and that he was deprived of that interest under color of state law. *Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 450 (5th Cir. 1994). Because federal law does not provide a statute of limitations for section 1983 claims, the forum state statute of limitations is adopted and applied. *See generally Owens v. Okure,* 488 U.S. 235 (1989) (holding that when a state has various tort statute of limitations, the general statute applies to section 1983 claims); *Hardin v. Straub,* 109 S. Ct. 1998, 2000-2001 (1989). In Texas, the applicable statute of limitations period is two years. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992); *Spencer v. Seagoville,* 700 S.W.2d 953, 956 (Tex. App.—Dallas 1985, no pet.).

Even if Edwards could reasonably cast his claims against Appellee as a section 1983 claim, such claim would be barred by the statute of limitations. The limitations period applicable to Constitutional claims arising under the Texas Constitution or the United States Constitution, including section 1983 claims, are governed by Texas law. *Owens,* 488 U.S. at 249-50. A suit alleging section 1983 claims must be filed within two years of the accrual of the cause of action. *Jackson,* 950 F.2d at 265.

Thus, even cast as a section 1983 claim, it remains true, that Appellant was last incarcerated in the Atascosa County Jail in 2000, and that he filed suit in 2012. Appellant's suit was filed approximately twelve years after the accrual of any alleged cause of action, well beyond the scope of the two year statute of limitations provision. Even categorized as Constitutional claims, Appellant's suit is barred.

## CONCLUSION AND PRAYER

This Court should affirm the trial court's order granting Appellee's motion for summary judgment and granting severance.

The summary judgment evidence offered by Appellee conclusively established that Appellee filed an answer on April 4, 2012. The answer was properly filed prior to removal in the state district court. Appellee's answer constituted a live pleading and no additional answer was necessary to be filed in federal court or in state court.

Appellant received timely notice of the hearing on Appellee's motion for summary judgment. A certificate of service attached to the notice of hearing established a presumption of service on April 3, 2014. The hearing was held on May 9, 2014. Appellant presented no evidence to rebut the presumption of proper, timely notice. Therefore, Appellant had timely notice of the hearing on Appellee's summary judgment motion.

The summary judgment evidence conclusively established that Appellant's claims were barred by the residual four-year statute of limitations period. Appellant filed suit against Appellee approximately twelve years after the accrual of any alleged cause of action. Appellant presented no evidence during the hearing to raise a fact issue to defeat or toll the statute of limitations.

**THEREFORE.** Appellee Sheriff of County of Atascosa respectfully prays this Court to affirm the trial court's May 10, 2014, order granting Sheriff of County of Atascosa's Motion for Summary Judgment and Motion to Sever, and grant such other further and proper relief, both at law or in equity to which Appellee may be justly entitled.

28

Respectfully submitted,

ATASCOSA COUNTY ATTORNEY'S OFFICE

By:_____
Lucinda A. Vickers
lucinda.vickers@acao-tx.org
Texas Bar No. 16300800

Dennis Arriaga
dennis.arriaga@acao-tx.org
Texas Bar No. 24068021

#1 Courthouse Circle Drive #3-B
Jourdanton, Texas 78026
TEL: 830-769-3573
FAX: 830-769-2757

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief of Appellee was prepared using Microsoft Word 2013, which indicated that the total word count, exclusive of those items enumerated in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended, does not exceed 15,000 words (7,995).

_____
Dennis Arriaga

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Brief of Appellee upon counsel pro se for Appellant, via certified mail, return receipt requested, on this the _20_ day of January, 2015, at the following address:

Mr. David Allan Edwards #907246                    VIA CMRRR
Ellis Unit, 697 FM 980
Huntsville, Texas 77343
Counsel Pro Se for Appellant

_____
Dennis Arriaga

29

# EXHIBIT

# C

NO-ANSWER DEFAULT AND EXHIBITS SUPPORTING IT

COUNTY COURT OF COMMISSIONERS

David Allan Edwards #907246
Ellis Unit,1697 FM 980
Huntsville, Texas 77343

§
§
§
§

**Plaintiff**

§
§

V

§

§
§

In the 81ˢᵗ/218th
Judicial Dist. Court
Atascosa County, Texas

§

County of Atascosa, District
Attorney of Atascosa County,
Judge over Court, Sheriff of
Atascosa County, County Court
of Commissioners of Atascosa
County ,et al., Dr. Gerald B.
Phillips, Physician of County
Jail, Atascosa County, Individual
Capacity

§
§
§
§
§
§
§
§
§
§
§

7-30-13
Filed

**Defendants**

§
§

---

MOTION FOR NO-ANSWER DEFAULT AND/ OR SUMMARY DEFAULT JUDGEMENT WITH SEVERENCE

PURSUANT TO T.R.C.P. 41, 166a(c), 237, 237a, 239, 240, 268

FOR DEFENDANT

COUNTY COURT OF COMMISSIONERS, ATASCOSA COUNTY, LON GILLESPIE, WILLIAM TORANS,

FREDDIE OGDEN, WELDON CUDE

Paupers Oath,I DAVID ALLAN EDWARDS, have no material wealth, no money and no income from any source to pay fees or cost, attorney, etc, See T.R.C.P. 145, who is incarcerated and Pro se Litigant, See ARMSTRONG 881 S.W.2d at 53, as a Pro se Litigant I am subject to " less stringent standards than formal pleadings drafted by real lawyers." See SPELLMAN 819 S.W.2d at 206.

I

Plaintiff moves this court for a judgement by default in this action, and

show that the defendant failed to make an appearance or answer to the Removal filed in Federal Court on March 30, 2012. The defendant failed to answer MOTION TO SUPPLEMENT filed April 5, 2012. Defendant failed to answer or defend to INTERROGATORIES filed on May 23, 2012. The defendant has failed to answer or defend the REINSTATEMENT FROM REMOVAL filed on October 24, 2012. The defendant has failed to answer or defend SUMMARY DEFAULT filed in Federal Court on October 25, 2012. The defendant has failed to answer or defend SUMMARY DEFAULT filed in this court on Decembar 6, 2012. The defendant has failed to answer or appear at the hearing on April 17, 2013 in this court. The defendant has been duly served by Plaintiff pursunt to T.R.C.P. 106 and 107. The defendants or their agents have signed for the documents as exhibited (exhibit "A" ).

## II

A NO - ANSWER DEFAULT judgement can be rendered when the defendant does not file an answer. The court may render a default judgement on the pleadings against a defendant that has not filed an answer. T.R.C.P. 239. When a defendant does not file an answer ALL ALLEGATIONS OF FACTS-INCLUDING THOSE ESTABLISHING LIABILITY-IN THE PLAINTIFFS PETITION ARE DEEMED ADMITTED EXCEPT FOR THE AMOUNT OF UNLIQUIDATED DAMAGES, (This suit includes no damages)PARADIGN, OIL.INC. V RETAMCO OPER.,INC ,372 S.W.3d at 177. After a NO - ANSWER DEFAULT the only claim the plaintiff is required to prove is its claim for unliquidated damages. DOLGENCORP,288 S.W.3d at 930;See T.R.C.P. 243.

" The default judgement is interlocutory and cannot be appealed until trial court either renders a final judgement in the case, or signs an order for severence making the interlocultory default judgement final,"CASTANO 315S.W3d at 387,388.

## III

"All such adverse parties shall have fifteen days from the receipt of such notice within which to file an answer. No default judgement shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal" T.R.C.P.237a "Reading [T.R.C.P.] 237a and 239 together, we conclude that a default judgement cannot be granted against a defendant following remand of a case from federal to state court until 15 days have expired from the defendant's receipt of the remand notice from the plaintiff." HBA E.,LTD V JEA BOXING CO.796 S.W.2d at 534,538. Also See KASHAN V MCLANE CO.,No.03-11-00125-CV (Tex.App -Austin 2012,no pet.). It has been longer than 15 days and defendant has been properly notified see exhibit "A". No type of answer or appearance has been filed with District clerk since the beginning,establishing the proper grounds for a NO-ANSWER DEFAULT JUDGEMENT WITH SEVERENCE.

## IV

More than 20 days have elapsed since the date on which the defendant herein was served with a copy of Plaintiffs REINSTATEMANT / COMPLAINT by certified mail T.R.C.P.,106,107. The defendant has failed to make an appearance at hearing on April 17, 2013. The defendant has failed to answer or otherwise defend as to Plaintiff's complaint or filings concerning defendant,or serve copy of any answer,or any defense which it might have had upon Affiant.

There's a genuine issue of material fact precluding summary judgement for Movant defendant as a matter of Law T.R.C.P.166a (c)

Defendants:are not in the Military service and are not infants or incompetants.

(3)

<u>PRAYER</u>

WHEREFORE premisses considered Plaintiff herein prays this Honorable Court GRANTS in total this No – Answer Default/Summary with Severence and grant all other relief Plaintiff is entitled to, such as expenses, cost of court, and attorney fees. Plaintiff also prays this Honorable Court rule immediatly as defendant has had almost two years to either answer or make an appearance. Plaintiff also prays that this Honorable Court hold the defendants accountable both jointly and severalty in all things.

Respectfully submitted

David A. Edwards

DAVID ALLAN EDWARDS # 907246
PLAINTIFF, PRO SE
ELLIS UNIT, 1697 FM 980
HUNTSVILLE, TEXAS 77343

(4)

## DECLARATION

I **DAVID ALLAN EDWARDS**, declare under penalty of perjury, pursuant to §
132.003 § T.C.P & R Codes, that I have read and subscribe to the above
and I swear that the information contained therein is true and correct
to the best of my knowledge.


Executed on _July 25, 2013_, at Ellis Unit, Huntsville, Texas.


David A. Edwards

David Allen Edwards #907246
Plaintiff, Pro se Litigant
Ellis Unit, 1697 FM 980
Huntsville, Texas 77343

(5)

## CERTIFICATE OF SERVICE

I DAVID ALLAN EDWARDS, hereby certify under penalty of perjury that a true and correct copy of the _NO-ANSWER Defnlt Atascosa C.C.C._ has been provided to the below listed parties by placing said motion in a postage-paid envelope via _U.S_ mail this _25_ day of _July 2013_, TO:

DISTRICT ATTORNEY, ATASCOSA COUNTY
Attorney for Defendant
Bridget A. Douglass/Plunket & Gibson, INC
70 NE Loop 410 Suite 1100
San Antonio, Tx 78216

SHERIFF OF ATASCOSA COUNTY
Attorney for Defendant
Lucinda A. Vickers, Atascosa County Attorney
One Courthouse Circle Dr. # 3B
Jourdanton, Tx 78026

JUDGE STELLA SAXON, 81st/218th DIST. COURT
Attorney for Defendant, Attorney General/David A. Harris
P.O. BOX 12548, Capitol Station
Austin, Texas 78711

COUNTY COURT OF COMMISSIONERS
Courthouse Suite 102
One Courthouse Circle, Dr.
Jourdanton, Tx 78026

Dr. GERALD B. PHILLIPS
Attorney for Defendant
Hollan Law Firm, Rosemary Hollan
711 Navarro St, Suite 250
San Antonio, Tx 78205

David A. Edwards

David Allan Edwards #907246
Plaintiff/Pro se Litigant
Ellis Unit/1697 FM 980
Huntsville, Texas 77343

Date. _7-25-13_

(6)

David Allan Edwards #907246
Ellis Unit,1697FM 980
Huntsville, Texas 77343

     <u>Plaintiff</u>

      V

County of Atascosa, District
Attorney of Atascosa County,
Judge over Court, Sheriff of
Atascosa County, County Court
of Commissioners of Atascosa
County ,et al., Dr. Gerald B.
Phillips, Physician of County
Jail, Atascosa County, Individual
Capacity

     <u>Defendants</u>

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

In the 81st/218th
Judicial Dist. Court
Atascosa County, Texas

---

## JUDGEMENT

On the _____ day of _____, 20___ came to be heard Plaintiff DAVID ALLAN EDWARDS, Motion FOR NO - ANSWER DEFAULT/ SUMMARY DEFAULT WITH SEVERENCE.After reviewing the Pleadings on file herein, the Court is of the opinion that said motion is meritorious, and should be in all things;

_____GRANTED _____GRANTED IN PART _____NOT GRANTED

EXPLANATION:_____

_____

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT PLAINTIFFS MOTION BE _____ .Signed this the _____day_____of 20___

DISTRICT JUDGE PRESIDING

SENDER: COMPLETE THIS SECTION
COMPLETE THIS SECTION ON DELIVERY

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature

X _(signature)_   □ Agent
                  □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
_Trac Lync_                        7-30-13

1. Article Addressed to:

_County Boards of Commissioner_
_Courthouse Circle Dr_
_Jourdanton Tex 28022_

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        □ No

_C. C. #101_
_Jourdanton TX 78021_

3. Service Type
☑ Certified Mail    □ Express Mail
□ Registered        □ Return Receipt for Merchandise
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
(Transfer from service label)

7012 2210 0002 5679 6248

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

SENDER: COMPLETE THIS SECTION
COMPLETE THIS SECTION ON DELIVERY

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature

X _(signature)_   □ Agent
                  □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                   7-30-13

1. Article Addressed to:

_Lucinda A. Vickers_
_County Attorney_
_One Courthouse Circle Dr_
_Jourdanton Tex 28026_

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
☑ Certified Mail    □ Express Mail
□ Registered        □ Return Receipt for Merchandise
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
(Transfer from service label)

7012 2210 0002 5679 6231

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

SENDER: COMPLETE THIS SECTION
COMPLETE THIS SECTION ON DELIVERY

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature

X _Heather Fischer_   □ Agent
                      □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
_Heather Fischer_                  7-30-13

1. Article Addressed to:

_County Administrator_
_Ms. Becker_
_1 Courthouse Circle Dr_
_Jourdanton Tex 78021_

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        □ No

_C. C. # 206_
_Jourdanton TX 78026_

3. Service Type
☑ Certified Mail    □ Express Mail
□ Registered        □ Return Receipt for Merchandise
□ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
(Transfer from service label)

7012 2210 0002 5679 6262

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# EXHIBIT

# D

CLERKS INDEX

CLERK'S RECORD DUE

| 06/28/2013 | COURT OF APPEALS<br>RELATOR'S SUPPLEMENTAL PETITION FOR WRIT OF MANDAMUS<br>FILED | $0.00 | GBEN |
|---|---|---|---|
| 07/02/2013 | COURT OF APPEALS<br>ELECTRONIC CLERK'S RECORD FILED | $0.00 | GBEN |
| 07/03/2013 | COURT OF APPEALS<br>ORDER ON SUPPLEMENTAL PETITION FOR WRIT OF MANDAMUS<br>DENIED | $0.00 | GBEN |
| 07/18/2013 | MOTION<br>TO REQUEST ADMISSIONS AND WORK PRODUCT FROM DEFENDANT | $0.00 | JROD |

ATASCOSA COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
CAUSE # 12-02-0185-CVA

CAUSE OF ACTION: INJURY/DAMAGE OTHER THAN VEHICLE
FILE DATE: 02/28/2012

| DATE | NATURE OF PROCEEDINGS<br>REMARKS | AMOUNT | USER |
|---|---|---|---|
| | DISTRICT ATTORNEY RENE PENA CONCERNING EXTRANEOUS<br>OFFENSES DATED JAN/5/2000, PURSUANT TO T.R.C.P. 190. 3,<br>19201 (A)(B)(C)(D), 192.05(A)(@), 198, 198.1, 198.2(C) | | |
| 07/18/2013 | OBJECTION<br>TO LETTER TO COURT ADMINISTRATOR PURSUANT TO C.P.R.C.<br>51.014 (A) (8), (11) (B), ADVISING TRIAL COURT ALL<br>PROCEEDINGS ARE STAYED FROM DEFENDANT DR. GERALD B.<br>PHILLIPS | $0.00 | JROD |
| 07/30/2013 | REQUEST FOR ADMISSIONS TO DEFENDANT<br>DR. GERALD B. PHILLIPS | $0.00 | GBEN |
| 08/01/2013 | MOTION FOR NO-ANSWER DEFAULT JUDGMENT<br>SHERIFF TOMMY WILLIAMS | $0.00 | GBEN |
| 08/01/2013 | MOTION FOR NO-ANSWER DEFAULT JUDGMENT<br>COUNTY COURT OF COMMISSIONERS, ATASCOSA COUNTY, LON<br>GILLESPIE, WILLIAM TORANS, FREDDIE OGDEN, WELDON CUDE | $0.00 | GBEN |
| 09/03/2013 | MOTION<br>TO REQUEST ADMISSIONS, WORK PRODUCT AND WITNESS<br>STATEMENTS FROM DEFENDANT DISTRICT ATTORNEY RENE PENA<br>CONCERNING | $0.00 | CDUN |
| 09/03/2013 | MOTION<br>FOR AN ORDER COMPELLING DEFENDANTS TO ANSWER AND<br>ADMISSIONS | $0.00 | CDUN |
| 09/03/2013 | NOTICE<br>LETTER TO DAVID ALLEN EDWARDS | $0.00 | CDUN |
| 09/03/2013 | MOTION FOR SUMMARY JUDGMENT | $0.00 | NVIL |

AND FOR SEVERANCE FILED ON BEHALF OF GERALD B. PHILLIPS
M.D.'S

09/17/2013          NOTICE OF HEARING                    $0.00   CDUN
ON DEFENDANT GERALD PHILLIPS M.D.S MOTION FOR SUMMARY
JUDGMENT AND FOR SEVERANCE

09/17/2013          PLAINTIFFS                           $0.00   CDUN
ANSWER AND OBJECTION TO DEFENDANT GERALD B. PHILLIPS,
M.D.'S MOTION FOR SUMMARY JUDGMENT AND SEVERANCE

09/26/2013          DEFENDANT                            $0.00   JROD
*Filed 8:32 am* GERALD B. PHILLIPS, M.D.'S REPLY TO PLAINTIFF'S RESPONSE
TO MOTION FOR SUMMARY JUDGMENT

TOTAL PLEADINGS LISTED: 82